HAYES v. CHICAGO, R. I. & P. R. CO.,
and seven other cases.

Nos. 2719, 2720, 2771–2773, 2777, 2791, 2802.

United States District Court
D. Minnesota
Fourth Division.
Sept. 25, 1948.

Philip Stringer (of O'Brien, Horn, Stringer, Seymour & O'Connor), of St. Paul, Minn., for defendant.

William A. Tautges, of Minneapolis, Minn., for plaintiffs.

Before NORDBYE and JOYCE, District Judges.

## NORDBYE, District Judge.

These cases are before the Court on defendant's motions for an order transferring the venue for the convenience of parties and witnesses, in the interest of justice, in accordance with Section 1404 (a) of the United States Judicial Code, 28 U.S.C.A., approved June 25, 1948, effective September 1, 1948. In view of the importance of the question involved, the motions were heard by two judges.

These cases all arise under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., and because of the common question involved the motions were consolidated for hearing. In the Hayes case, the accident happened at Dalhart, in the State of Texas, where plaintiff and all of the witnesses reside. Dalhart is some one thousand miles from Minneapolis and is located in the Amarillo Division of the United States District Court for Northern Texas. It is situated 82 miles from Amarillo, where the United States Court sits. Hayes was treated by physicians residing at Dalhart and Fort Worth, Texas, on account of injuries received in the accident, and it is estimated that some six witnesses to be called in behalf of the defendant would have to travel from Dalhart and Fort Worth, Texas, to Minneapolis if the trial is to be had in this jurisdiction.

In the Hughes, Grulkey, Murphy, Schirf, Holmes, and Conner cases, the accidents happened in the State of Oklahoma near El Reno, where all of the plaintiffs reside, except the administratrix in the Conner case, who resides at Oklahoma City. El Reno is 874 miles from Minneapolis and is situated in the Western District of Oklahoma, where the United States Court is held at Oklahoma City, some 28 miles from El Reno. The witnesses whom the defendant company will be required to call from El Reno and vicinity to attend the trials in Minneapolis will vary from five to nine witnesses in each case. Each of these plaintiffs was treated by local physicians in Oklahoma on account of injuries sustained in the accidents who will be necessary witnesses at the trial.

In the Flack case, the accident happened near Rock Island, Illinois, where Flack and all of his witnesses reside, including the physicians who attended him on account of injuries received in the accident. Rock Island is some 343 miles from Minneapolis, and the United States Court in that district sits at Peoria, Illinois, which is 90 miles from Rock Island.

If the case is to be tried in Minneapolis, defendant will be required to bring to this district eight witnesses from the vicinity of Rock Island.

Plaintiffs do not challenge defendant's showing that, for the convenience of the parties and witnesses, in the interest of justice, these cases should be properly transferred to the districts and divisions where the plaintiffs reside and where the accidents happened. Plaintiffs contest the transfer solely upon the ground that Section 1404(a), Title 28 United States Code Annotated, does not apply to cases where venue is granted under the Federal Employers' Liability Act. This section reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The reviser's notes on p. 1853 of the copy of the Code issued by West Publishing Co. and Edward Thompson Co. indicate that the purpose and scope of Section 1404(a) are as follows: "Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. As an example of the need of such a provision, see Baltimore & Ohio R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28 [136 A.L.R. 1222], which was prosecuted under the Federal Employers' Liability Act in New York, although the accident occurred and the employee resided in Ohio. The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so."

Plaintiffs earnestly urge that Congress did not intend that this subsection of the Code should be applicable to cases brought under the Federal Employers' Liability Act. It is suggested that the subsection is nothing more than a statutory enactment of the doctrine of forum non conveniens and that the Supreme Court has unequivocally stated that that doctrine does not apply to cases brought under the Fed-

eral Employers' Liability Act, which bestows special venue rights on those entitled to proceed thereunder. Much has been written about the history of the enactment of the venue statute in 1910 under the Federal Employers' Liability Act and the reasons which prompted Congress to extend the venue rights of injured employees seeking relief under the Act. In Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, at pages 49, 50, 62 S.Ct. 6, 8, 86 L.Ed. 28, 136 A.L.R. 1222, Justice Reed states that the apparent reason for the extension of the general venue statute in Federal Employers' Liability Act cases "was said to be the injustice to an injured employee of compelling him to go to the possibly far distant place of habitation of the defendant carrier with consequent increased expense for the transportation and maintenance of witnesses, lawyers and parties away from their homes." Both the Kepner case and Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104, dealt with the power of a State Court to enjoin a resident of its State from prosecuting an action under the Federal Employers' Liability Act in a Federal Court and a State Court respectively, where the Act gave venue, on the ground that the prosecution in those respective jurisdictions would be inequitable, vexatious, and harassing to the carrier. And in both of these cases, the Supreme Court denied the right of the State Court to enjoin such prosecution and clearly indicated that the State's power to control its own citizens did not extend to the curtailing of the exercise of the federal privilege of litigating a federal right in the court of another State.

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, which enunciated the principle that a Federal District Court had the power to dismiss an action at law, pursuant to the doctrine of forum non conveniens, the court recognized that, in cases under the Federal Employers' Liability Act, plaintiff's choice of forum could not be defeated by the doctrine of forum non conveniens and indicated that this was true because of the special venue act which permitted

a plaintiff to bring an action under the Act in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of the commencement of the action.

■ The doctrine of forum non conveniens is bottomed upon the right of the Court in the exercise of its equitable powers to refuse the imposition upon its jurisdiction of the trial of cases, even though the venue is properly laid, if it appears that, for the convenience of the litigants and the witnesses, in the interest of justice, the action should be instituted in another forum where the action might have been brought. In Gulf Oil Corp. v. Gilbert, supra, the court noted that many States had met the misuse of venue by the enactment of suitable statutes, but that there was no federal law which guided the court under such circumstances. Now it appears that Congress has enacted a statute which permits the Court in any civil action to order a transfer if the conditions set forth in the statute are sustained. No one obtains any vested right in venue. It is granted by legislative enactment and can be withdrawn by the same power. The right is procedural and not substantive. The fact that these cases were brought in this District before the statute became. effective is immaterial. 16 C.J.S., Constitutional Law, § 262.

■ Section 1404(a) is unambiguous, direct, clear, and by the language used embraces within its scope all civil actions. "Any civil action" includes one brought under the Federal Employers' Liability Act. If Congress had intended that there should be any exception to the right of the court to transfer civil actions to other venues where the actions might have been brought, it presumably would have noted such. exceptions. Obviously, it is not for the Court to attempt to read into, or assume, an exception which is not justified by the language employed by Congress, and there is nothing in the legislative history of the section which indicates that Congress intended to except the Federal Employers' Liability Act

from its application. And it should be emphasized that this section of the new Judicial Code does not take away any venue rights granted by the general venue statute or any special venue statute. A litigant proceeding under the Federal Employers' Liability Act can institute his action in any district where he could before Section 1404(a) was enacted. The limitation is to be found in the right of the Court to apply to actions under the Federal Employers' Liability Act the same rule with reference to the right to transfer as applies to any other civil action. It does not necessarily follow that every case under the Federal Employers' Liability Act brought in a district other than that in which plaintiffs and his witnesses reside should be transferred. The right of the plaintiff to select his venue under the Act is not limited by this statute, and the burden rests upon the defendant to establish the right of transfer to some other district.

There is no basic reason why plaintiffs in cases under the Federal Employers' Liability Act should not be subject to the same equitable doctrine of transfer as applies to all other civil cases now that Congress has enacted a statute which indicates no exception to the application of that principle. Under the doctrine of forum non conveniens, the Court in applying the rule could only dismiss, which at times might work an injustice to the plaintiff, but under Section 1404(a) the Court may, for convenience of parties and witnesses, in the interest of justice, transfer the case to any district where the action might have been brought. The transfer does not need to be made to the place where the accident happened, or even where plaintiff lives if another district is. a proper venue and seems more convenient for the parties and witnesses in the interest of justice. No showing has been made that there is something so sacrosanct about plaintiffs' right under the Federal Employers' Liability Act to bring their actions in Minnesota, some eight hundred. to one thousand miles away from where the accidents happened in seven of the cases and over three hundred miles away in. the other, that Congress intended to pre-.

serve that right of venue without any limitation when all other plaintiffs in the many types of civil actions of which the Federal Courts have jurisdiction are to be subject to the right of transfer upon a proper showing being made.

Some contention is made that Section 1404(a) was intended to apply only to the venue provisions found in Chapter 87, Title 28 U.S.C.A. §§ 1391 to 1406, in which sections there are to be found certain provisions with reference to venue. That is, Section 1396 covers venue in cases involving internal revenue taxes; Section 1398, Interstate Commerce Commission orders; Section 1400, patents and copyrights; and Section 1401, stockholder derivative actions. But the venue statutes which are found in this chapter were primarily consolidations and changes in the phraseology of former venue statutes, and there is not the remotest suggestion in any language to be found in Chapter 87 which in any way ties up these venue statutes as the reason for the enactment of Section 1404 (a). And reference may be made to Subsections (b) and (c) of Section 1404, which clearly are applicable to all civil actions and to all proceedings in rem brought in behalf of the United States. The universal application of these subsections to all civil actions negatives the limitation which plaintiffs assume to read into Section 1404(a).

Plaintiffs also argue that the so-called Jennings bill, which was before the 80th Congress seeking to change the venue provisions of the Federal Employers' Liability Act, was hotly debated and was not enacted by Congress; that, among other changes, the bill permitted the application of forum non conveniens to suits under the Federal Employers' Liability Act. The argument, therefore, is made that, because the Jennings bill did not pass, it must be assumed that Congress did not intend that Section 1404(a) was to apply to cases under the Federal Employers' Liability Act. But that argument is not persuasive, particularly when it is noted that the scope and purpose of Section 1404(a) were specially called to the attention of Congress in House Report 308, 80th Congress, which was printed on or about April 25, 1947, and accompanied H.R. 3214, which was later enacted as the new Judicial Code. This House Report 308 contained the reviser's notes which specifically state that Subsection (a) of Section 1404 was drafted in accordance with the doctrine of forum non conveniens, and the case of Baltimore & Ohio R. Co. v. Kepner, supra, was cited "as an example of the need of such a provision." Moreover, in the hearings before Subcommittee No. 1 of the House Judiciary Committee on H.R. 2055, which was the precursor of H.R. 3214, appears the following under the heading "Venue" West Publishing Co.-Edward Thompson Co. edition, p. 1969: "Venue provisions have not been altered by the revision. Two changes of importance have, however, been made. Improper venue is no longer grounds for dismissal of an action in the Federal courts. Instead the district court is to transfer the case to the proper venue. See section 1406. And section 1404 introduces an element of convenience which gives the court the power to transfer a case for the convenience of parties and witnesses to another district. Both of these changes were in line with modern State practice; and the provision for change of venue on the grounds of convenience is also embodied in the Bankruptcy Act for corporate reorganization, section 118, Eleventh United States Code, section 518."

In view of this legislative history, it seems clear that Congress was specifically informed of the purposes of Section 1404 (a), and to suggest, therefore, that it was passed by Congress without realizing its full import seems utterly without foundation, and while the court indicated in the Kepner case that the venue proceedings under the Federal Employers' Liability Act could not be altered by reason of inconvenience or expense, it likewise indicated that, if such a venue constitutes an injustice to the defendant, "the remedy is legislative." Baltimore & Ohio R. Co. v. Kepner, supra, 314 U.S. at page 54, 62 S.Ct. at page 10, 86 L.Ed. 28, 136 A.L.R. 1222. The reviser's notes clearly called to the attention of Congress that the purpose of Section 1404(a) was to meet the situation

which confronted the court in the Kepner case.

Plaintiffs have failed to offer any reasons whatsoever why witnesses and litigants should travel from 874 to 1,000 miles in seven of the cases and some 343 miles in the other to have their cases tried in the District of Minnesota when courts, both State and Federal, are functioning at the very doorstep where the accidents happened, where the plaintiffs reside, and where all of the witnesses reside. There is no suggestion that these plaintiffs cannot obtain justice in these forums. And the record is barren of any reason why it would not be more advantageous for the plaintiffs to proceed in their own States, where all of the witnesses reside, where the scenes of the accidents are located, where the jury comes from the community in which these plaintiffs reside, and where everybody, including the plaintiffs, will be spared the unnecessary expense and inconvenience of traveling to a distant point for the trial of these lawsuits.

Reference is made by plaintiffs to the fact that Minnesota does not recognize the doctrine of forum non conveniens and that, if this Court transfers these cases, the plaintiffs may dismiss and institute new actions in the Minnesota State Courts and that the local State Courts would be required to entertain jurisdiction. This may be true. Section 1404(a) only applies to the transfer of cases pending in Federal Courts and it may seem somewhat anomalous that, upon the transfer, plaintiffs may reenter the State via the State Courts' jurisdiction. But that is a matter which does not concern our duty in light of the statute which we believe to be applicable, and our responsibility ends when we have given due consideration to the application of the defendant for a transfer of these cases on the grounds set forth in the motions.

We do not find it necessary to indulge in any discussion of statutory construction, or as to the rules that generally govern repeal by implication, because we do not find that, by the enactment of Section 1404(a), any venue statute has been repealed, or that the interpretation of the statute in question requires reference to any formal principles of statutory construction. The statute is direct, clear, and free from any ambiguity. Its terms are broad and without any limitation.

■ In view of the premises, therefore, we are constrained to find that, upon the showing made by the defendant, which is wholly uncontroverted, Subsection (a) of Section 1404, Title 28 United States Code Annotated, is applicable herein, and that, for the convenience of parties and witnesses, in the interest of justice, these cases should be transferred to the district and division of the United States Court where the accidents happened and where the plaintiffs and all of the witnesses reside.

It Is Therefore Ordered:

That the case of Woodrow Wilson Hayes v. Chicago, Rock Island and Pacific Railroad Company, Civil Action No. 2719, be transferred to the United States District Court, Northern District of Texas, Amarillo Division, and that the Clerk of this Court shall forthwith forward all of the files in said proceeding to the Clerk of said district, at Amarillo, Texas, together with a copy of this order;

That the cases of Virgil Hughes, Fred J. Grulkey, Michael T. Murphy, Urban J. Schirf, Alton J. Holmes, and Lenna J. Conner, Special Administratrix of the Estate of James Houston Conner v. Chicago, Rock Island and Pacific Railroad Company, Civil Actions Nos. 2720, 2771, 2772, 2773, 2777, and 2791 respectively, be transferred to the United States District Court, Western District of Oklahoma, and that the Clerk of this Court shall forthwith forward all of the files in said proceedings to the Clerk of said district, at Oklahoma City, Oklahoma, together with a copy of this order;

That the case of Clair Flack v. Chicago, Rock Island and Pacific Railroad Company, Civil Action No. 2802, be transferred to the United States District Court, Southern District of Illinois, Northern Division, and that the Clerk of this Court shall forthwith forward all of the files in said proceeding to the Clerk of said district, at Peoria, Illinois, together with a copy of this order.

Exceptions are allowed to the plaintiffs.