## NUNN v. CHICAGO, MILWAUKEE, ST. P. & P. R. CO.

United States District Court
S. D. New York.

Nov. 9, 1948.

See also D.C., 71 F.Supp. 541.

Gerald F. Finley, of New York City (Gerald F. Finley and Arnold B. Elkind,

both of New York City, of counsel), for plaintiff.

Edward T. Welch, of New York City, for defendant.

KAUFMAN, District Judge.

Plaintiff, a resident of Des Moines, Iowa, sues to recover for injuries suffered in an accident near Clive, Iowa, while he was in the employ of defendant. Defendant moves to transfer the case to the District Court for the Southern District of Iowa, Central Division. The motion presents the question of whether or not the change of venue provision of the new Judicial Code, effective September 1, 1948, Title 28 United States Code Annotated Section 1404(a), is applicable to actions brought under Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56.

Title 28 United States Code Annotated, Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 6 of the Federal Employers' Liability Act reads as follows:

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. * * * *"

There is no controversy here, as to the following facts. The defendant has no lines of operation in or near New York. While it does maintain a fiscal office and offices for the solicitation of business in the Southern District of New York, its railroading operations are confined to the Middle and Northwest United States. In order to defend the instant action, it will be necessary for defendant to bring from Des Moines or its vicinity to New York, a distance of some 1200 miles, twelve important witnesses, eight of whom are in defendant's employ, and four of whom are physicians who, at one time or another, treated plaintiff for the injuries alleged to have been sustained by him as a result of the accident. Not only will the absence of these employees interfere with the functioning of defendant's line in its Iowa division and greatly inconvenience the physicians involved, but it is estimated that the cost of trying the suit here will be from $4,000 to $5,000, or approximately five times as much as if the case were prosecuted in Iowa. While the case, if left here, will soon go to trial, the calendar in the District Court for the Southern District of Iowa, Central Division, is current and up to date and the case, if transferred, will be heard about the first of next year.

Plaintiff does not dispute that the trial of this case may proceed with greater ease and expediency if venue were laid in a forum closer to the residence of both the suitors and the witnesses. Rather the claim is made that the nature of the venue privilege granted by Section 6 of the Federal Employers' Liability Act and its judicial construction by the Supreme Court render it unlikely that Section 1404(a) of the new Judicial Code was intended to apply to actions brought under Section 6 of the Federal Employers' Liability Act. This contention is not well founded.

In Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222, the plaintiff, a resident of Ohio, brought suit in the Eastern District of New York under the Federal Employers' Liability Act to recover for injuries alleged to have been sustained by him. The railroad sought to enjoin the New York action by proceedings commenced in the State Court of Ohio. The Supreme Court held that the Federal Statute had created a privilege of venue which could not be frustrated by considerations of convenience or expense, and therefore a State Court, under its equity powers, could not enjoin an action begun in a distant federal forum in accordance with the provisions of the Act. A similar result was reached in Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104, where it was held that Section 6 also precluded a State Court from enjoining, on considerations of annoyance, convenience and harassment, a Federal Employers' Liability action in the courts of a sister state. Finally, in Gulf Oil Corp. v.

Gilbert, 330 U.S. 501, page 505, 67 S.Ct. 839, 841, the Court declared: "It is true that in cases under the Federal Employers' Liability Act we have held that plaintiff's choice of a forum cannot be defeated on the basis of forum non conveniens."

The foregoing cases are no longer controlling, or even applicable. Not only were they decided prior to the enactment of the new Judicial Code, when there was no provision of statute similar to 1404(a), but the legislative history of Section 1404 (a) makes it abundantly clear that it was the very purpose of Congress, in enacting that section, to change the rule which had been approved by the decisions in those cases—a course indicated by the statement of the Supreme Court in the Kepner case, supra, page 54 of 314 U.S., page 10 of 62 S.Ct., that if the rule "is deemed unjust, the remedy is legislative".

In considering the impact of Section 1404(a) of Title 28 upon Section 6 of the Federal Employers' Liability Act, it must be recalled that Section 6 goes no further than to provide where the action "may be brought"; it does not say that the action, though properly "brought" in a certain forum, must remain there, and consequently there is no inconsistency between that section and Section 1404(a) of the Code authorizing a transfer for the convenience of parties and witnesses in "any civil action". Moreover, there is no room for suggestion that Congress, in enacting the venue provisions of the new Code, did not have in mind the rights of those protected by the Federal Employers' Liability Act. Such a suggestion is refuted by the provisions of Section 1445(a) of Title 28 relating to removal of actions, in which a general prohibition is laid down against the removal to the federal courts of civil actions brought in state courts under the Federal Employers' Liability Act.

The revisor's note to Section 1404(a) is indicative of the intention of the legislature and reads as follows:

"Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. As an example of the need of such a provision, see Baltimore & Ohio R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28 [136 A.L.R. 1222], which was prosecuted under the Federal Employer's Liability Act in New York, although the accident occurred and the employee resided in Ohio. The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so." Title 28, United States Code, Congressional Service, p. 1853.

The attention of the legislators was specifically directed to the revisor's notes with regard to contemplated changes in venue provisions in the new Judicial Code (H.Rep. 308, Title 28, United States Code, Congressional Service, p. 1692, at page 1697, which accompanied H.R. 3214, later enacted into the new Code; Statement of Rep. Eugene J. Keogh, Hearing before Subcommittee No. 1 of the House Judiciary Committee on H.R. 1600 and H.R. 2055, Title 28, United States Code, Congressional Service, pp. 1947–1948) and Judge Galston, a Member of the Judicial Conference Committee on Revision of the Judicial Code, refers to the Kepner case in connection with the drafting of the change of venue section (Galston, An Introduction to the New Federal Judicial Code, 8 F.R.D. 201, 206). These references to the Kepner case leave no doubt that the new Section 1404(a) was enacted with the express purpose in mind of changing the pre-existing rule that in cases under the Federal Employers' Liability Act the plaintiff's choice of a forum could not be defeated on the basis of forum non conveniens.

Professor Moore, author of Moore's Federal Practice, and special consultant on the revision of the Judicial Code to the publishers of the United States Code Annotated, speaking before the House Subcommittee holding hearings on H.R. 2055, the forerunner of H.R. 3214, the final draft of the new Code, indicated clearly the change made in venue provisions. He said:

"Venue provisions have not been altered by the revision. Two changes of importance have, however, been made. Improper venue is no longer grounds for dismissal

of an action in the Federal courts. Instead the district court is to transfer the case to the proper venue. See section 1406. And section 1404 introduces an element of convenience which gives the court the power to transfer a case for the convenience of parties and witnesses to another district. Both of these changes were in line with modern State practice; and the provision for change of venue on the grounds of convenience is also embodied in the Bankruptcy Act for corporate reorganization, section 118, Eleventh United States Code, section 518." (Hearing before Subcommittee No. 1 on H.R. 2055, Title 28, United States Code, Congressional Service, p. 1969).

Professor Moore's views are weighty, not only because of his eminence in this field generally, but because, as consultant to the publishers of the Annotated Code, he was adviser to those who, in collaboration with the Congressional Committee on Revision of the Laws, were entrusted with the preparation of the bill which became Title 28 (See letter from Hon. Harvey T. Reid, Editor-in-Chief of West Publishing Co., Hearings before Subcommittee No. 1 on H.R. 2055, Title 28, United States Code, Congressional Service, 1971–1972; Remarks of Representative Sam Hobbs, Title 28, United States Code, Congressional Service, p. 1986, and Floor Discussion, id., p. 1993).

There is already authority for the application of Section 1404(a) of the new Code to cases arising under Congressional statutes allowing the plaintiff the privilege of selecting his forum. While the Supreme Court, prior to the enactment of the new Code, in United States v. National City Lines, 334 U.S. 573, 68 S.Ct. 1169, held that the judicial doctrine of forum non conveniens was not applicable to suits where venue is chosen pursuant to Section 12 of the Clayton Act, 15 U.S.C.A. § 22, District Judge Yankwich in the District Court for the Southern District of California subsequently applied Section 1404(a) in that very case and transferred the action to a district more suitable. United States v. National City Lines, D.C., 1948, 80 F. Supp. 734. Similarly, in an excellent opinion by Judges Nordbye and Joyce in the District Court of Minnesota, Section 1404 (a) has been held applicable to an action instituted to recover for injuries under the Federal Employers' Liability Act. Hayes et al. v. Chicago, Rock Island & Pacific Railroad Co., D.C., D.Minn., Fourth Division, 1948, 79 F.Supp. 821.

Plaintiff points out that the Jennings Bill,[1] also before the 80th Congress, and specifically designed to remedy the frequent inequity in bringing suits in distant and unsuitable forums under the venue provisions of the Federal Employers' Liability Act, was not enacted, and from this plaintiff argues that it cannot be assumed that Section 1404(a) of the Judicial Code was intended to apply in such cases.

Why the Jennings Bill was not enacted, seems immaterial, but it is entirely possible that Congress felt such a law unnecessary for the very reason that such change as was deemed desirable would follow from Section 1404(a) of the new Code. Moreover, the proposed Jennings Bill was in no sense a mere statutory enactment of the doctrine of forum non conveniens. It was

[1] The Jennings Bill provided that the second paragraph of Section 6 of The Federal Employers' Liability Act be amended by eliminating the broad power of the plaintiff to select the forum in which the action would be tried. It then proceeded to amend Section 51 of the old Judicial Code, 28 U.S.C.A. § 112, as follows:

"A civil suit for damages for wrongful death or personal injuries against any interstate common carrier by railroad may be brought only in a District Court of the United States or in a State Court of competent jurisdiction, in the district or county (parish), respectively, in which the cause of action arose, or where the person suffering death or injury resided at the time it arose:

"Provided, that if the defendant cannot be served with process issuing out of any of the Courts aforementioned, then and only then, the action may be brought in a District Court of the United States, or in a State Court of competent jurisdiction, at any place where the defendant shall be doing business at the time of the institution of said action."

The bill was passed by the House, 93 Cong.Rec., 9193, but only reached committee stage in the Senate.

designed to require suit to be brought in the jurisdiction in which the cause or action arose, or in which the person suffering death or injury resided at the time it arose, and to withdraw from the plaintiff any choice of forum except in cases where the defendant could not be reached with process in either of the two aforementioned jurisdictions. No such situation is created by the new Judicial Code. The plaintiff is still allowed, under Section 6 of the Federal Employers' Liability Act, to select, from all the forums in the country permitted him under the statute, that one which seems to him most preferable. But the legislative history of the Judicial Code and the broad language of Section 1404(a) demonstrate that such choice on his part does not exempt him from the power of the court, after due consideration of the convenience of witnesses, parties and the interests of justice, to transfer the case to a more suitable place for trial.

The contention made by the plaintiff that the new Judicial Code was not intended to apply to pending actions is not sound. Not only would such a holding interject into every case in which the new Code is to be applied the extraneous, and sometimes difficult, issue of whether or not the case is "pending" [See Truncale v. Universal Pictures Co., D.C., 76 F.Supp. 465; Russo v. Sofia Bros., D.C., 2 F.R.D. 80; Liken v. Shaffer, D.C., 64 F.Supp. 432; Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95], but it would be contrary to the generally accepted rule that statutes relating to procedure apply to pending as well as future actions. Baltimore & P. R. Co. v. Grant, 98 U.S. 398, 25 L.Ed. 231; Hallowell v. Commons, 239 U. S. 506, 36 S.Ct. 202, 60 L.Ed. 409; Benas v. Maher, 8 Cir., 128 F.2d 247. So far, the courts have treated the new Judicial Code in no different manner from any other procedural legislation in this respect. See United States v. National City Lines, supra; Hayes et al. v. Chicago, R. I. & P. R. Co., supra.

Section 1404(a) is applicable to this case, despite the fact that venue is laid under Section 6 of the Federal Employers' Liability Act. The facts plainly indicate that the transfer is necessary for the convenience of the parties and witnesses and that it is in the interest of justice that the transfer be made. The case is therefore transferred to the District Court of the United States for the Southern District of Iowa, Central Division.

Plaintiff's cross-motion for injunction is denied. Settle order on notice.