**HADLICH et al. v. AMERICAN MAIL LINE et al. and nine other cases.**

No. 27602–G.

United States District Court
N. D. California, S. D.

Jan. 12, 1949.

Joseph Abihider, Dreyfus & McTernan and Francis J. McTernan, Jr., all of San Francisco, Cal., for plaintiffs.

Brobeck, Phleger & Harrison, Gregory A. Harrison and Richard Ernst, all of San Francisco, Cal., for defendants.

GOODMAN, District Judge.

These are motions to dismiss, for improper venue, ten causes filed to recover alleged unpaid compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq. Defendants are foreign corporations, admittedly doing business in California, but they are not domiciled in this State, nor have they appointed agents for the service of process in this state in accordance with applicable California statutes.

§ 1391(c), Title 28 U.S.C.A., which became effective September 1, 1948, permits suits to be maintained against corporations doing business in this state.[1] The instant suits, however, were commenced prior to September 1, 1948.

Among other issues, presented by the motions to dismiss, is the question as to whether § 1391(c), Title 28, is applicable to litigation pending at the time it became effective. If § 1391(c) is applicable, the motions may be denied; otherwise, the court should consider the other issues tendered by the motions.

I am of the opinion, for the reasons briefly to be stated, that § 1391(c) is applicable and that the motions, therefore, must be denied.

■ It is an accepted rule of statutory construction that statutes affecting substantial rights may not be applied retrospectively[2] while those essentially procedural in character may have retroactive application. Funkhouser v. J. B. Preston Co., 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243; Connett v. City of Jerseyville, 7 Cir., 96 F.2d 392; United States v. National City Lines, infra; Nunn v. Chicago, Milwaukee, St. P. & P. R. Co., infra; Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216; Benas v. Maher, 8 Cir., 128 F.2d 247, 251; Neild v. District of Columbia, 71 App.D.C. 306, 110 F.2d 246, 254; Bowing v. Delaware Rayon Co., Del.Super., 188 A. 769, 770; 25 R.C.L. 791; 59 C.J. 1176; 20 Am. Jur. 505.

■ To reject the new statute in this instance would require a conclusion that venue is a matter of substantive rather than procedural law. Essentially venue is an incidence of procedure. It is a part of that body of law which bounds and delineates the forum and the manner and mode of enforcing a litigant's rights. It is distinguishable from and is not within the field of law, known as substantive, which recognizes, creates and defines rights and liabilities and causes of action.

In analogous situations, courts have already held the new "change of venue" section of the Judicial Code, 28 U.S.C.A. § 1404, applicable to pending litigation. Hayes et al. v. Chicago, Rock Island & Pacific Railroad Co., D.C., 79 F.Supp. 821; United States v. National City Lines, D.C., 80 F.Supp. 734; Nunn v. Chicago, Milwaukee, St. P. & P. R. Co., D.C., 80 F.Supp. 745; Perry v. Atchison, T. & S. F. Ry. Co., D.C., N.D.Cal., 82 F.Supp. 912.

■ True, the line between substantive and procedural law is sometimes hazy, Boyd v. Bell, D.C., 64 F.Supp. 22, 24. But any uncertainty in this regard, in keeping with the new spirit of Federal Civil Procedure,[3] should be resolved in favor of applying the statute to pending litigation. In stating their purposes, Rule I of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "They (the Rules) shall be construed to secure the just, speedy, and inexpensive determination of every action."

Certainly the triple concepts of justice, speed and economy will be attained by permitting this litigation to continue in this District where all the defendants do business, where the causes of action arose and where, if the allegations of the complaint are truthful, the essential witnesses reside. Under these circumstances, no substantive right of the corporate defendants would appear to be affected by requiring the artificial corporate entities to wrap their intangible cloaks about them and journey from their artifical legal abodes to the place where they did the business allegedly giving rise to the causes of action.

■ The court is mindful of a decision of the Court of Appeals of the Fifth Circuit in the case of Vaughan v. Empresas Hondurenas, S.A., 171 F.2d 46, where, obiter dictum, the venue provisions of Title 28 U.S.C.A., were stated to be inapplicable to a pending case. But the opinion expressed by Judge Yankwich in United States v. National City Lines, supra, ap-

---

[1] "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C.A. § 1391(c).

[2] See Story J. in Society for Propagation of the Gospel v. Wheeler, Fed.Cas. No.13,156, 2 Gall. 105, 139.

[3] Goodman, The New Spirit in Federal Court Procedure, 7 F.R.D. 449.

pears to me to be the better view and I adopt it, viz.:

"It is, therefore, evident that the aim of the Congress was (1) to establish, through this revision, a single procedural scheme to cover all incidences of procedure in the federal courts not provided for by the Rules of Civil Procedure; and (2) to apply the provisions, *except where otherwise indicated, to all civil actions,* of whatever nature.

"The aim being procedural, it is axiomatic that, unless the contrary appears, the provisions are applicable to pending proceedings.

"The principle which forbids application of new enactments or revisions to pending actions applies to statutes dealing with substantive rights only. At times, it is difficult to draw a distinct line between substantive law and procedure. And many procedural changes have, historically, had a lasting effect on substantive rights, as, for instance, the rule allowing the jury to judge both the law and the facts in criminal libel. Nonetheless, matters of venue and change of venue are, as a rule, mere incidences of procedure. And statutes relating to remedies and procedure operate retrospectively." 80 F.Supp. 734, 738.

The motions to dismiss are denied.