EXHIBITORS SERVICE, Inc., a corporation, Plaintiff,

v.

ABBEY RENTS et al., Defendants.

No. 9801.

United States District Court
W. D. Missouri, W. D.

Oct. 31, 1955.

James C. Wilson and Carl Enggas of Watson, Ess, Marshall & Enggas, Jules Kohn, and Ralph Tucker, Kansas City, Mo., for plaintiff.

A. J. Granoff and Loeb H. Granoff, Kansas City, Mo., for defendants.

WHITTAKER, District Judge.

In this treble damage suit brought under Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15, 26, for an injunction against, and damages for, claimed violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, plaintiff has moved for leave to file an amended complaint (a) adding Manncraft Advertising and Display Company as an additional party plaintiff, and (b) adding Abbey Rents Co., Inc., a California corporation (whose true corporate name is simply "Abbey Rents"—the same as the defendant partnership), as an additional party defendant, under Rules 20(a) and 21 of Federal Rules of Civil Procedure, 28 U.S. C.A.

Though, normally, leave would be granted, as of course, in such a case and the questions of whether jurisdiction and venue has been acquired and exists over the added parties would be left to determination under subsequent motions, but, here, the parties have elected to have those questions determined in advance, on the motion for leave to file the amended complaint, and they have each filed affidavits and extensive briefs in support of their respective positions, and therein they also point to, and quote from, the deposition herein of Milton Slotkin, one of the four partners in, and the executive head of, the partnership, all of which I have carefully read and considered.

■ There is no doubt, and the parties agree, of the right of the plaintiff to add Manncraft Advertising and Display Company as an additional party plaintiff herein. Their dispute arises over whether there will be jurisdiction and venue in this Court over the defendant, Abbey Rents, a California corporation, maintaining its principal place of business in Los Angeles, if it be brought into this case as an additional defendant, under Section 12 of the Clayton Act, 15 U.S.C.A. § 22. That section provides:

"Any suit, action, or proceeding under the anti-trust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found *or transacts business;* and all process in such cases may be served in the district of which it is an inhabitant, *or wherever it may be found"*. (Emphasis supplied.)

The question then is whether the corporation "transacts business" in this district. That question, under this statute, is, as the parties agree, a very different one from that arising in the general and normal case, as the predicate of support for the validity of process and its service. Naifeh v. Ronson Art Metal Works, D.C.,W.D.Okl., 111 F.Supp. 491. The question under this statute is not whether the defendant is "present" or is "found" in the district of suit, but, rather, is whether, judged in totality, it transacts therein, in the ordinary and usual sense, *any* substantial business. Eastman Kodak Co. v. Southern Photo Material Co., 273 U.S. 359, 373, 47 S.Ct. 400, 71 L.Ed. 684.

Here the deposition of Milton Slotkin and the affidavit of Stanley S. Slotkin clearly show that Stanley S. Slotkin and Milton Slotkin, and their wives, are the general partners owning and operating the partnership, and that Stanley S. Slotkin and his wife, Miriam, are the sole stockholders of the corporation; that Milton Slotkin is the general manager of both; that the partnership owns and operates one of its branches in Kansas City in this district; that since June of 1952 the corporation has rendered, and still renders, supervisory and management services to the partnership, including its Kansas City, Missouri branch, for a fixed fee, paid by the partnership to the corporation, of $15,000 or $16,000 per year— said to be the corporation's cost for the rendition of the service (a matter of no moment, to my mind); that the rendition of this service requires employees of the corporation to come, and they do come, from its home office in Los Angeles to the partnership branch in Kansas City, and that since 1950 at least five different employees of the corporation have, severally, made 34 trips to Kansas City to render that service to the Kansas City branch of the partnership, and have spent 119 days here in the rendition of that service to the partnership. This material shows, too, that the corporation buys merchandise and materials in California, at quantity discounts, which it, in turn, sells (in California) to the partnership, aggregating about $5,000 per month, approximately $1,500 of which comes to the Kansas City branch of the partnership. This, also, is a matter of legal significance upon our question. Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., D.C.E.D.Pa., 129 F.Supp. 425.

■ More is shown in this material, but the foregoing is certainly enough to show that the corporation, Abbey Rents,

"transacts business" in Missouri of substantial character.

Defendants' brief is predicated largely upon the contention that the partnership and the corporation are distinct entities, and that plaintiff, to establish jurisdiction and venue in this Court over the corporation, seeks to pierce and disregard the corporate entity and to treat the business done here by the partnership as business transacted by the corporation. That contention misses the point involved. The point involved—or at least the one now presented—is not whether the corporation shall be held to be doing, in this district, what is, in fact, done here by the partnership, but, rather, is whether it is, itself, shown to be transacting business here. The material submitted shows that it is, and, therefore, plaintiff's motion for leave to file an amended complaint herein joining Manncraft Advertising and Display Company as an additional party plaintiff, and joining Abbey Rents, a corporation, as an additional party defendant, is well taken and should be sustained, and It Is So Ordered.