CRAWFORD TRANSPORT COMPANY, Inc., Plaintiff,

v.

CHRYSLER CORPORATION and Commercial Carriers, Inc., Defendants.

No. 497.

United States District Court
E. D. Kentucky,
Catlettsburg Division.

Jan. 25, 1961.

224

Stoll, Keenon & Park, by James Park, C. Gibson Downing, Lexington, Ky., John W. McKenzie, Ashland, Ky., for plaintiff.

Caldwell & Robinson, Ashland, Ky., Kelly, Drye, Newhall & McGinnis, New York City, Keith A. Jenkins, Detroit, Mich., for defendant, Chrysler Corp.

J. W. Howard, Prestonsburg, Ky., Cahill, Gordon, Reindel & Ohl, New York City, for defendant, Commercial Carriers, Inc.

SWINFORD, District Judge.

This is an antitrust action in which the plaintiff is seeking to recover threefold the damages alleged to have been sustained by the wrongful action of the defendants and the costs of this action, including a reasonable attorneys' fee. The court has jurisdiction under the provisions of 28 U.S.C. § 1337 and 15 U.S.C.A. § 15.

The plaintiff is a West Virginia corporation with its principal office and place of business in this district at Ashland, Kentucky.

The defendant, Chrysler Corporation, is a Delaware corporation and the defendant, Commercial Carriers, Inc., is a Michigan corporation. Each of the defendants has its principal office and place of business at Detroit, Michigan.

The record is before the court on the separate motions of each defendant to dismiss the action for lack of venue or in the alternative to transfer the action to the United States District Court for the Eastern District of Michigan. The defendant, Commercial Carriers, Inc., also has moved to quash the return on the summons as to it.

The court will first consider the motions to dismiss for want of venue.

Sections 4 and 12 of the Clayton Act (15 U.S.C.A. §§ 15, 22) contain the general venue provisions for actions brought by private litigants for damages resulting from violations of the antitrust laws. Section 4 of the Clayton Act (15 U.S.C.A. § 15) provides that any person injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent. Section 12 (15 U.S.C.A. § 22), relating to corporations only, provides that such actions may be brought in any district wherein the corporation may be found or transacts business and that all process in such cases may be served in the district of which it is an inhabitant or wherever it may be found.

In addition to these two sections of the Clayton Act, the general venue statute applicable to corporations, 28 U.S.C. § 1391(c), provides that a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business.

A summons was executed upon each of the defendants by delivering a copy to their designated process agent in Louisville in the Western District of Kentucky.

The plaintiff contends that the venue is established under all three of the above enumerated statutory provisions. It is the position of each of the defendants that since this is an antitrust action venue lies only under the provisions of Section 12 of the Clayton Act. The Chrysler Corporation says that even though it is licensed to do business in the State of Kentucky, has a designated process agent and is subject to be sued under the general venue statute (28 U.S.C. § 1391(c), it is not "found" in this district as required by Section 4 (15 U.S.C.A. § 15). The defendant, Commercial Carriers, Inc., says that its designated process agent was only its agent for the purpose of complying with the Federal Motor Carrier's Act (49 U.S.C.A. § 321(c) and that it is not an inhabitant of, is not licensed to do business in this district, nor is it found in this district. Each of the defendants contends that it does not transact business in the Eastern District of Kentucky in contemplation of the requirements of Section 12.

The court is of the opinion that the venue of this action in this district must be sustained, if at all, only under the provisions of Section 12 of the Clayton Act. It would serve no useful purpose to proceed with an academic discussion of the reasons why Section 4 of the Clayton Act and the general venue statute do not apply. It is sufficient to point out that notwithstanding language of the Supreme Court in General Investment Co. v. Lake Shore Ry., 260 U.S. 261, 279, 43 S.Ct. 106, 114, 67 L.Ed. 244, that the special provision in Section 12 does not affect the general jurisdiction of the District Courts but "merely establishes a personal privilege which a defendant is free to waive," the later authorities, while not directly in point, impliedly hold that venue cannot be sustained in an antitrust case such as this except under the provisions of Section 12 of the Clayton Act. Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786; Stonite Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026.

Accordingly, this opinion proceeds on the assumption, without deciding, that Section 12 of the Clayton Act (15 U.S.C.A. § 22) is the sole and exclusive provision governing venue in antitrust actions.

The record consists of numerous affidavits and counteraffidavits setting forth in detail the circumstances surrounding the actions of the defendants and their transactions in this district. It is established and the court finds that neither of the defendants is an inhabitant of nor are they "found" in the Eastern District of Kentucky. The one question then to be determined is whether or not the defendants, either or both of them, are within the meaning of the statute transacting business in this district. The facts as to the defendant, Chrysler Corporation, will first be considered.

The Manufacturer's Statements of Origin (Exhibit 3 to Callihan's affidavit and Exhibits 3, 4, 7, 9, 11, 12–22, 25, 26 and 28 to Downing's affidavit) show sales or transfers of motor vehicles from Chrysler directly to dealers in this district. Chrysler certifies by these statements that the motor vehicle described in the statement is the property of Chrysler; that it has been transferred to the dealer; and that the transfer was "the first transfer of such new motor vehicle in ordinary trade and commerce". In the face of these exhibits, it was incumbent upon Chrysler to affirmatively show that they are, in law, something other than what they purport to be. This Chrysler failed to do.

The "Consignee Delivery Receipts" affixed to the affidavit of Vincent Callihan, sworn to on May 7, 1960, are convincing evidence that Chrysler and not its subsidiary, Chrysler Motors Corporation, identified in the record as "Motors", was the shipper therein described and that the vehicles were transported to and received by dealers in this district. Exhibits 32 to 42, attached to Downing's affidavit are uncontradicted evidence that Chrysler continued to exercise direct supervision over the routing, transportation and handling of the new motor vehicles

consigned to Chrysler dealers in this district even after the formation of "Motors". Chrysler, the parent corporation, continued to adjust claims between carriers and dealers and to advise its dealers on matters of operation in the same manner as it had before the formation of "Motors".

The affidavit of F. S. Crawford, filed on May 16, 1960, is uncontradicted insofar as it states the number of Chrysler products dealers and Chrysler products sales within this district. It is not denied that Chrysler furnishes all its dealers advertising materials for use on sales floors and in their places of business. These materials are prepared under the supervision of Chrysler and furnished for the purpose of promoting sales of its products. As a further direct aid to this purpose, Chrysler causes national television advertising to be beamed into this district and to be broadcast over the facilities of stations located within the district.

■ In determining whether or not Chrysler is transacting business within the meaning of the venue statute, the court must consider these various items, not separately, but collectively. Standing alone, one act of advertising or promotion of sales, or one category of such practice might not be sufficient, but to consider the whole evidence of the continuous, persistent and almost daily conduct of this defendant to further stimulate the sales of its products to be anything other than doing business is to deny an absolute fact. "It is the totality of acts and conduct by the corporation rather than isolated and fragmented items thereof which govern." Maifeh v. Ronson Art Metal Works, D.C., 111 F. Supp. 491, 493.

■■ The term "transacts business" is not technical and should not be given a tortured construction. The Chrysler Corporation sells hundreds of thousands of dollars worth of its products in this district each year. From the record it appears that it has almost daily contact, in one form or another, with its various agencies in this district, and to now assume that it does not transact business in a substantial way is to urge upon the court an unrealistic refinement of the English language. The question before the court is not whether the defendant is present or is found in the district for the purpose of carrying on these transactions as its presence is not required. The question is whether, judging in totality, it transacts, in the ordinary and usual sense, any substantial business. I must conclude that it does and that the motion of the Chrysler Corporation to dismiss this action for want of venue should be overruled. Eastman Kodak Co. v. Southern Photo Material Co., 273 U.S. 359, 47 S.Ct. 400, 403, 71 L.Ed. 684; Exhibitors Service v. Abbey Rents, D.C., 135 F.Supp. 112.

■ In dealing with the same question as it pertains to the defendant, Commercial Carriers, Inc., I must confess that its reasoning to evade venue is obscure. The whole reason for the existence of this defendant and the purpose for its having originally been incorporated is to transport motor vehicles and deliver them to dealers in interstate commerce. When it carries out the acts for which it is licensed, it must surely be transacting business. The Supreme Court in Eastman Kodak Co. v. Southern Photo Material Co., supra, pointed out that a corporation is not immune to suit in any district because of the fact that the business transacted " * * * may be entirely interstate in character and be transacted by agents who do not reside within the district."

Commercial Carriers, Inc. holds a certificate from the Interstate Commerce Commission and the Kentucky Department of Motor Transportation permitting it to engage in the interstate carriage of motor vehicles to various points in the State of Kentucky, including this Eastern District of Kentucky. Its Kentucky Certificate of Convenience and Necessity covers a total of 923 vehicles. The record discloses, and it is not denied, that it is now transporting into this district an average of more than 185 motor vehicles per month, having a value in ex-

cess of $333,000. Its drivers, agents and employees make the deliveries and obtain receipts.

A construction of the term "transacts business" is given by the Supreme Court in United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 861, 92 L.Ed. 1091. It is pointed out in the opinion that for the purpose of establishing venue it has a much broader meaning than the concept of "carrying on business" denoted by the word "found" under former statutes and decisions. In explaining the Eastman holding of the venue requirements under 15 U.S.C.A. § 22, the Court emphasized that the highly technical distinctions should be "sloughed off" and in their stead a practical and broader business conception of engaging in any substantial business operations should be accepted as the test.

The refinements previously made by the courts are no longer determinative and must give way to the practical, everyday or commercial concept of doing business of a substantial character. Brandt v. Renfield Importers, Ltd., 8 Cir., 278 F.2d 904.

The motion of the defendant, Commercial Carriers, Inc., to dismiss for want of venue should be overruled.

The motion of this same defendant to quash the return on the summons is supported by numerous citations of authority. Summons was served on the defendant by service on its resident Kentucky agent designated for that purpose as required by the Motor Carrier Act, 49 U.S.C.A. § 301 et seq., and the designation was made pursuant to section 321 (c) thereof. The defendant, Commercial Carriers, Inc., is presently before the court by reason of Section 281.710, Kentucky Revised Statutes, with which the defendant had complied.

The motion to quash the return on the summons should be overruled.

The remaining matter for consideration is the motion of each defendant to transfer this action to the United States District Court for the Eastern District of Michigan.

Prior to 1948 the plaintiff's choice of a forum in an antitrust case was absolute within the limits of Section 12 of the Clayton Act (15 U.S.C.A. § 22) and was not subject to the application of the doctrine of forum non conveniens. In the case of United States v. National City Lines, 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584, the Supreme Court pointed out that the legislative history of Section 12 of the Clayton Act clearly established that Congress intended to leave no room for judicial discretion to apply the doctrine of forum non conveniens to deprive the plaintiff of the choice of forum given by that section. It was emphasized in the opinion that the purpose of Congress was clear to confer upon the plaintiff in civil antitrust proceedings against corporations the right of choice among the specific venues and that the considerations of policy which might otherwise justify the exercise of judicial discretion in such matters had become irrelevant. The purpose of the advocates of change was to give the plaintiff a right to bring suit and have it tried in the district where the defendant had committed violations of the Act and had inflicted forbidden injuries.

In 1948 Congress revised the Judicial Code and enacted Sec. 1404(a). This section of Title 28 provides that for the convenience of the parties and witnesses, and in the interest of justice, a civil action may be transferred to any district or division where it might have been brought originally. The first Supreme Court construction of Sec. 1404(a) is found in a series of cases decided on May 31, 1949. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207; Kilpatrick v. Texas & Pacific R. Co., 337 U.S. 75, 69 S.Ct. 953, 93 L.Ed. 1223. Included in the cases handed down on that date was United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226, in which the court held that the section applied to antitrust actions.

The relief sought by the defendants is within the provisions of the statute since both defendants have their principal places of business in the Eastern District

of Michigan and consequently the action could have been brought in that district. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, decided June 13, 1960.

█ In determining whether a case should be transferred to another district under the provisions of Sec. 1404(a), the right to determine the balance of convenience between the litigants is within the sound discretion of the District Court and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Sun Oil Co. v. Lederle, 6 Cir., 199 F.2d 423; Morehead v. Barksdale, 4 Cir., 263 F.2d 117; Fannin v. Jones, 6 Cir., 229 F.2d 368.

█ The statute requires the moving party to show more than a limited degree of added convenience for trying the case in a different jurisdiction. It requires a strong and preponderant balance in favor of the defendant before the plaintiff's choice of a forum will be denied. In considering the motion the court is limited to the three factors specifically mentioned in the statute, namely, convenience of the parties, convenience of the witnesses and the interest of justice. Where the plaintiff has selected the proper forum, his choice should not lightly be set aside. Before the court is warranted in depriving the plaintiff of the right to proceed in a proper forum it must appear that continuance of the action in that forum would be oppressive, harassing and vexatious to the defendant. Dairy Industries Supply Ass'n v. La Buy, 7 Cir., 207 F.2d 554.

█ Bearing in mind that the burden is on the defendants who have made the motion, the question must necessarily be determined by the showing made by the affidavits of the respective parties. The record discloses that the plaintiff's only office and all of its officers and records are located in this district; that it proposes to call 74 witnesses, all of whom live more than two hundred miles from Detroit, Michigan, which is the place the case would be tried if the defendants' motions are sustained; that 16 of the principal witnesses live within ten miles of the site of the court where the action is now pending; that of the remaining 58 witnesses, 21 are amenable to the processes of this court; and that a trial of this case in Detroit would work such a financial hardship on the plaintiff that it would have to forego its right to prosecute this action.

In the counteraffidavits filed by the Chrysler Corporation, it is shown that certain important personnel in its traffic department would be required to be at the trial and consequently to be away from their work for a long period of time; that all of the records, which are necessarily voluminous, are in or near the City of Detroit; and that there would be a substantial financial burden upon the defendant, Chrysler Corporation, by reason of the curtailment of the activities of their personnel at their accustomed post of duty and the necessity to keep them at a distant point from their homes.

The defendant, Commercial Carriers, Inc., has not offered any proof of inconvenience to it or its witnesses.

█ The court recognizes the fact that any trial of a lawsuit places litigants at considerable inconvenience. The record also indicates that each of them must entail substantial expense. Since the difficulties, including both inconvenience and expense, appear relatively equal, the court, under the authorities cited, must conclude that the motion should be overruled and the plaintiff have its choice of a forum undisturbed. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; Sun Oil Co. v. Lederle, supra; 1 A.L.R.2d Supplement Service, pages 710–718 (1960).

An order in conformity with this memorandum is this day entered.