## Dougherty v. Stein

*Richard M. Snyder*, for plaintiff.

*Donald W. Van Artsdalen*, for General Motor Corporation.

BODLEY, J., March 25, 1968.—Plaintiff, a resident of Bucks County, was involved in an automobile accident while a passenger in a vehicle operated by Herbert Stein, owned by Rae Stein, purchased from Ralph Reedman, Jr., trading as Reedman Motors, and manufactured by General Motors Corporation. Although the accident occurred in Montgomery County, the action was brought in Bucks County, where all of the defendants, with the exception of General Motors, reside or have a place of business. Service of process was effected, as to General Motors Corporation, through deputization of the Montgomery County Sheriff, who served the complaint at General Motors' Montgomery County place of business. General Motors filed preliminary objections, alleging that this court does not have jurisdiction over it since, it is alleged, venue is improperly laid in Bucks County. The matter has been argued before the court en banc and is now before us for disposition.

Pennsylvania Rule of Civil Procedure 2179 provides:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose".

Defendant contends that, inasmuch as its preliminary objections were couched in the language of the above-quoted rule and were endorsed with a notice to plead, and that no answer thereto having been filed, the court must accept as true such allegations of fact for the purpose of the disposition of these preliminary objections, and thus dismiss the action as to defendant General Motors Corporation for lack of venue.

Plaintiff contends that defendant did not allege facts which require answer, but merely conclusions, and that therefore plaintiff was not called upon to respond to such conclusions. Plaintiff goes on to contend that General Motors Corporation does, in fact, "regularly conduct" its business within Bucks County and hence comes within Pa. R. C. P. 2179. Since we must dismiss defendant's preliminary objections for other reasons, we need not determine this issue.

Pertinent to the problem before us is the language found in McGinley v. Scott, 401 Pa. 310 (1960) :

"Jurisdiction of subject matter relates to the competency of a court to hear and determine controversies of the general nature of the matter involved, which, in this instance, is a suit in equity for an injunction to enjoin and restrain acts allegedly contrary to law. Jurisdiction of the person is ordinarily acquired by service upon him of the court's process *within the territorial limits of its authority*. Venue is the right of a party sued to have the action brought and heard in a particular judicial district. Jurisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties, while venue may always be waived.

"Thus, venue, unlike jurisdiction, being a matter of procedure, and not substance, is within the competency of the Procedural Rule's prescription. 'Essentially venue is an incidence of procedure. It is part of that body of law which bounds and delineates the forum and the manner and mode of enforcing a litigant's

rights. It is distinguishable from and is not within the field of law, known as substantive, which recognizes, creates and defines rights and liabilities and causes of action.': Hadlich v. American Mail Line, 82 F. Supp. 562, 563 (1949)''. Id., pp. 316-317 (Italics supplied.)

It is to be noted that jurisdiction and venue are not synonymous terms. Thus, in order to determine whether or not venue does, in fact, exist in this case, we must examine *all* of the procedural rules.

This is an action for trespass and, by virtue of Pa. R. C. P. 1042, it may be brought in any county in which an action of assumpsit may be brought. Turning to Pa. R. C. P. 1006, relating to venue in assumpsit actions, we find that, in pertinent part, the rules provide:

"(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

"(b) Actions against the following defendants, *except as otherwise provided in subdivision (c)*, may be brought in and only in the counties designated by the following rules: . . . corporations and similar entities, Rule 2179''. (Italics supplied.)

Clearly, up to this point, it would appear that a trespass action against a corporation would be governed, with respect to venue, by Rule 2179 quoted above. However, subdivision (c) of Pa. R. C. P. 1006, referred to in subdivision (b) quoted above, was promulgated by the Pennsylvania Supreme Court on June 28, 1967, and became effective September 1, 1967. This rule provides:

"(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any

one of the defendants under the general rules of subdivisions (a) or (b)".

Corporations are not excluded from the applicability of this amendment to Rule 1006 and clearly the amendment modifies the venue rules established by Rule 2179, in an appropriate situation. This is just such a situation since *all* defendants *except* General Motors Corporation are within Bucks County and hence venue, as to such other defendants, lies in Bucks County under the various rules heretofore referred to.

It is noted that the instant action was instituted on August 23, 1965, and that service upon General Motors Corporation was effected in Montgomery County on January 17, 1966. However, the Supreme Court of Pennsylvania, in adopting the Rule 1006 (c), provided:

"September 1, 1967 is hereby fixed as the effective date of the Amended Rules and they shall apply to actions pending at that time". See Order Amending Rules of Civil Procedure 1006 and 1009, Governing the Action of Assumpsit, 462 Pa., at page XXXIV (1967).

It appears clear that the court intended the amendment to apply not only to prospective suits, but also to those suits previously instituted but not determined as of the effective date, September 1, 1967. This question was considered in United States Cold Storage Corporation v. Philadelphia, 427 Pa. 624 (1967), wherein the court stated:

"This Rule, being procedural and not substantive in nature, is applicable to the pending action and such action can now be transferred by the court below from Philadelphia County to Dauphin County under Rule 1006 (e), as now amended and a multiplicity of suits can be thus avoided". Id., at page 628.

We hold that Pa. R. C. P. 1006 (c) is applicable to the matter before us.

It may be argued that, although the rule is applicable to the instant case and hence provides for venue which

did not exist as to General Motors Corporation prior to September 1, 1967, nevertheless, in personam jurisdiction over General Motors Corporation is lacking (assuming, arguendo, that the corporation was not doing business in Bucks County) since service of process was a nullity, having been made in Montogmery County upon General Motors Corporation on January 17, 1966, at a time when, clearly, no venue existed in Bucks County under the then applicable rules. However, the preliminary objections filed on behalf of General Motors Corporation challenge *only venue* and not jurisdiction. It is specifically provided in Pa. R. C. P. 1028 that:

"(a) Preliminary objections shall state specifically the grounds relied upon.

"(b) All preliminary objections shall be raised at one time. . . ." See also Pa. R. C. P. 1032.

Because defendant, General Motors Corporation, has not raised this issue, we need not consider it. See Kilian v. Allegheny County Distributors, 409 Pa. 344 (1962). See also Yentzer v. Taylor Wine Company, Inc., 409 Pa. 338, at page 341 (1962), where the court stated:

". . . However, it is just as clear that the jurisdictional question was not raised in a proper manner and, as a result, the defendant lost its right to object to the court's jurisdiction over its person".

The question of in personam jurisdiction not having been raised in defendant's preliminary objections, we consider the jurisdictional aspects to have been waived and, accordingly, make the following:

## ORDER

And now, to wit, March 25, 1968, the preliminary objections of defendant General Motors Corporation are hereby dismissed. Leave is granted defendant to file a responsive pleading within 20 days of the date hereof.