**BARNHART et al. v. JOHN B. ROGERS PRODUCING CO.**

**Civ. No. 5985.**

United States District Court
N. D. Ohio, W. D.

Oct. 4, 1949.

Samuel Avins, Pittsburgh, Pennsylvania, Gustavus Ohlinger, Toledo, Ohio, for plaintiffs.

Shumaker, Loop, Kendrick & Winn, Toledo, Ohio, for defendant.

KLOEB, District Judge.

Plaintiffs move this Court for an order tranferring this case to the United States District Court for the Western District of Pennsylvania, at Pittsburgh, under the provisions of Judicial Code, Section 1404 (a), Title 28 U.S.C.A., which reads as follows: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiffs set up six grounds for their motion, the latter five of which were well known to plaintiffs at the time that the original complaint was filed in this Court on October 5, 1948. These latter five grounds are as follows:

"(2) Each and all of the plaintiffs above named reside in the Western District of Pennsylvania and are citizens of the State of Pennsylvania;

"(3) All the transactions set forth in the amended complaint herein occurred in the Western District of Pennsylvania, and at no place outside of said district, in which said district the defendant itself and its agents and employees were present at the time of the occurrence of the injuries complained of.

"(4) All the witnesses, over ten in number, whom plaintiffs will offer in support of the allegations of the amended complaint reside in the Western District of Pennsylvania, and all the witnesses to the injuries complained of in the amended complaint reside in said district.

"(5) The expense of bringing said parties and witnesses to the City of Toledo, a distance of approximately 250 miles, for attendance upon the trial of the above en-

titled cause, will entail large expense and loss of time on the part of said witnesses and the loss of the earnings of said witnesses from the occupations in which they are engaged during their attendance in the City of Toledo upon the trial of said cause;

"(6) Plaintiffs and each of them is wholly without means to pay the expenses of bringing said witnesses from the Western District of Pennsylvania, to the City of Toledo, for attendance upon the trial of the above entitled cause."

After the filing of the complaint in this Court and obtaining service, an amended complaint was filed on January 4, 1949, and an answer was filed by the defendant company on January 13, 1949.

On April 15, 1949, counsel were notified by the Clerk of Courts of the assignment of the case for trial on May 9th, and in the same notice they were asked to prepare and file trial briefs not later than April 21st, and they were advised that a pretrial conference would be held on April 22d, at 10 o'clock a. m.

When the case was called at the pre-trial conference on April 22d, counsel for plaintiff notified the Court and counsel for the defendant for the first time that, a few minutes previously, they had filed with the Clerk of Courts the motion for transfer of the case, and it seems that this was the first notification that counsel for defendant had had that plaintiffs intended to file such a motion.

The Court felt impelled at the time to dismiss the motion on the ground that it was untimely filed and proceed with the pre-trial conference, to be followed by the trial of the case. However, because the Court's study of the case had acquainted him with the fact that the principal plaintiff was a minor who had sustained serious injury, he felt that it would be more advisable to proceed with some caution in the disposition of the motion. Thereupon, counsel were requested to comply with the rule of the Court that requires written argument to be filed in due course in support of and in opposition to the motion. No attempt was then made to proceed with the pre-

trial conference and the assignment of the case for trial on May 9th was vacated.

At the same time, the Court learned for the first time that a similar complaint to the one filed in this Court had been filed in the United States District Court for the Western District of Pennsylvania, at Pittsburgh, a few days after the complaint was filed in this Court, and that that case was resting on an undetermined motion filed by defendant for dismissal of the complaint on the ground that service of process had not and could not be had upon the defendant.

In their memorandum filed in support of their motion, plaintiffs are very frank in the statement of their position. On page 7, we find the following: "* * * The objective to be attained by the statute is trial in that forum which will best serve the ends of justice and covenience and to make the ultimate selection of that forum independent of the vagaries and uncertainties of the service of process. That this concept is an innovation plaintiffs concede readily. * * *"

On page 8, we find the following: "From this view—and that is the fair intendment of the statute's clear and unmistakable language—a plaintiff may bring his action in any venue permitted by statute and where he can obtain jurisdiction over the person of the defendant and then apply for transfer of the cause to that district which will best serve the ends of convenience and justice and where the venue is proper."

The defendant, in its memorandum in opposition to the motion, cited among other reasons why the motion should be overruled the following:

"1. Relief under Section 1404(a) is not available to plaintiffs who voluntarily choose their own forum."

"4. Transfer of the action to the Western District of Pennsylvania would not be in the interest of justice and would not serve the convenience of both of the parties and their witnesses."

For these reasons, the Court feels that the motion should be overruled.

In all of the cases that the Court has found and examined that deal with the common law doctrine of forum non conveniens, the moving party was the defendant, and not the plaintiff who had selected the forum.

In all of the cases, except one, that the Court has found and examined that bear upon Section 1404(a), and they are very few because the section became effective on September 1, 1948, the moving party has been the defendant. Let us analyze briefly several of them.

In Hayes v. Chicago, R. I. & P. R. Co., and 7 other cases, D.C.Minn.1948, 79 F. Supp. 821, the cases all arose under the Federal Employers' Liability Act, 45 U.S.C. A. § 51 et seq., and the motions were consolidated because they involved a common question. In the Hayes case the accident happened in the State of Texas, where plaintiff and all the witnesses resided, some 1000 miles from Minneapolis and 82 miles from the place where the United States District Court sits in Amarillo. In six other of the cases the accidents happened in the State of Oklahoma, where all of the plaintiffs resided, 874 miles from Minneapolis, and 28 miles from the place where the United States District Court sits at Oklahoma City. In the other case, the accident happened near Rock Island, Illinois, where plaintiff and all of his witnesses resided, about 343 miles from Minneapolis, and the United States District Court sits at Peoria, Illinois, about 90 miles from Rock Island.

The plaintiffs did not challenge the defendants' showing that, for the convenience of the parties and witnesses, in the interest of justice, these cases should all be properly transferred to the districts and divisions where the plaintiffs resided and where the accidents happened, but contested the transfer solely upon the ground that Sec. 1404(a), Tit. 28 U.S.C.A., did not apply to cases where venue is granted under the Federal Employers' Liability Act.

The motions to transfer venue were granted, the Court holding that the statute did apply to Federal Employers' Liability Act cases.

This Court also had occasion quite some months ago to order the transfer of a case brought under the Federal Employers' Liability Act in this Court to the United States District Court at Fort Wayne, Indiana on motion of the defendant.

The case of United States v. National City Lines, Inc., D.C.Cal.1948, 80 F.Supp. 734, wherein motion for leave to file petition for certiorari was denied on May 31, 1949, was an antitrust suit begun by the United States at Los Angeles, California. Motion was made by the defendants to transfer the case to the District Court for the Northern District of Illinois, Eastern Division. The motion was granted on the ground that the convenience of the parties and witnesses required the transfer of the case in the interest of justice.

The opinion contains the discussion of the legislative history of Sec. 1404(a), and the footnotes contain references to a considerable number of cases on construction of statutes, including an article by Mr. Justice Jackson on statutory construction in 8 F.R.D. 121, 124. The Yale Law Journal, Vol. 58, No. 3, February, 1949, at page 482, contains interesting comments on the new Section.

The case of Nunn v. Chicago, Milwaukee, St. P. & P. R. Co., D.C.N.Y.1948, 80 F.Supp. 745, was an action for personal injuries by the plaintiff, a resident of Des Moines, Iowa, to recover for damages resulting from an accident near Clyde, Ohio, when he was in the employ of the defendant.

The defendant moved to transfer the case from the Southern District of New York to the Southern District of Iowa, which motion was granted. The Court refers to the prior cases, to the same effect, of United States v. National City Lines, D.C., 80 F.Supp. 734, and Hayes v. Chicago, R. I. & P. R. Co., D.C., 79 F.Supp. 821.

The case of Bolten v. General Motors Corp., D.C.Ill.1949, 81 F.Supp. 851, was an action against the defendant to recover for injuries sustained in Missouri, and the defendant interposed the two-year limitation statute of Illinois, Ill.Rev.Stat.1947, c. 83, § 15, as an affirmative defense. The ques-

598

tion was heard on the motion of the defendant for summary judgment, and on motion of plaintiff for leave to dismiss the action without prejudice or, in the alternative, to have the cause transferred to Missouri, where the five-year statute of limitations, Mo.R.S.A. § 1014, was in effect. The Court denied the plaintiff's motion for change of venue, stating: "Furthermore, it should be remembered that the selection of the forum was plaintiff's, and he should not now be permitted to transfer the action indiscriminately. The Court is obliged to apply the law as it exists in this district and, when such is done, nothing remains which can be transferred to another district."

The case of United States v. E. I. Du Pont De Nemours & Co., D.C.Columbia 1949, 83 F.Supp. 233, was an antitrust action commenced by the United States in the District of Columbia. The defendant was a corporation organized under the laws of the State of Delaware, and had its principal executive and business offices in Wilmington, and the officers and employees of the defendant who would be called as witnesses resided in or near Wilmington. Voluminous files and records necessary at the trial were located there. On motion of the defendant, the Court held that the convenience of witnesses clearly predominated in favor of the District of Delaware and that Delaware was the proper jurisdiction. In referring to the purpose of Sec. 1404(a), the Court (Holtzoff, J.) said: "This provision introduced a new principle into Federal judicial procedure. It is a comprehensive, general statute aplicable to all civil actions without exception. The innovation is salutary, as it enables the courts to make desirable adjustments as to places of trial, and puts plaintiffs and defendants more nearly on a plane of equality in those situations in which an action may be brought in any one of several districts. Previously, the final choice of the jurisdiction lay entirely with the plaintiff. This result obviously involved an element of unfairness, which the new statute endeavors to meet."

The case of Brown et al., Plaintiffs v. Insurograph, Inc., Defendant, D.C., 85 F. Supp. 328, 329, was a civil action No. 1204, filed in the United States District Court for the District of Delaware. An opinion rendered by District Judge Rodney, is occasioned by motion of the defendant to transfer the case from the District of Delaware to the Southern Division of the Northern District of Alabama. The Court made the following pertinent observations:

"This court, in Cinema Amusements Inc., v. Loew's, Inc., et al., D.C.1949, 85 F.Supp. 319, discussed at some length the principles controlling this court on questions of transfer. These principles will not be here repeated at length but merely referred to as to their application. In the Cinema case it was held that while the methods of procedure under Section 1404(a) differed from the application of the older doctrine of forum non conveniens, yet the standards or criteria in the application of the new Section 1404(a) conformed largely to those involved in the application of the older doctrine.

"In the Cinema case it was thought that while the new transfer section did not abrogate the older doctrine, it was substantially a codification of the principles of forum non conveniens with a modification of the stringent requirement of dismissal of the suit when the older doctrine was applicable. The evident purpose of the section, when considered in connection with the older doctrine, would lead to the conclusion that an action should be transferred under the new section when a dismissal of the action would be required under the older doctrine of forum non conveniens. The corollary would seem also to be true, viz., that the similarity of the two procedures is such, and the new transfer section with its liberalized procedure is so akin to the former doctrine, that only a most unusual case would justify a transfer unless on the same facts a dismissal could be sustained under the doctrine of forum non conveniens. This would seem to be true except where the running of the Statute of Limitations might enter into the conclusion as to dismissal. The new transfer section, of course, allows of no question as to Limitations."

· In the case at bar, plaintiffs filed their complaint in the Court of their own choosing, and this Court must assume that they did so with a firm purpose of prosecuting their case to a conclusion. It appears now that their primary purpose in filing their complaint in this Court was to obtain service of process upon the defendant company and then seek to have the case transferred to a forum that would more conveniently suit their purpose.

 It appears to the Court that the motivating reason for the enactment of Section 1404(a) was to afford relief to a defendant by placing him on a footing of equality with a plaintiff in the selection of a forum for the trial of the case. If this be true, then it would be improper to hold, in effect, that the plaintiff's rights are enlarged thereby and that he may carry the defendant about the country to a forum that best suits his convenience and do so by virtue of the statute.

It appears to this Court that Section 1404(a) is not available to plaintiffs who voluntarily choose their own forum. If this Court were to permit a plaintiff to utilize the statute in the manner here proposed, it would, in effect, nullify and set aside existing provisions for service upon a defendant in a manner that the Court believes was not intended by the Congress upon the enactment of the statute. If some other and higher Court desires to read an intendment into the law such as is contended for by the plaintiffs, then it may do so. However, this Court prefers to allow any such far-reaching change to rest with the legislative branch of the Government.

The Court believes that it is not necessary for the determination of this motion to engage in a nicety of balances of convenience based upon the alleged number of witnesses that are to be required by the parties in this case. The Court naturally believes that the moving parties will not in any way seek to minimize the number of witnesses that they expect to use in making their case. In any event, they were fully acquainted with the number of witnesses that would be required to be transported to the Western Division of the Northern District of Ohio when they filed their complaint in this Court; they were fully acquainted with the expense that would be involved in the trial of this case as in all cases; and they knew that counsel would be required to be present at the trial of the case. It is assumed that all of these calculations were in the minds of plaintiffs when the case was initiated in this Court. To permit them now to transfer the defendants to another and different forum that they claim better suits their own convenience would not be in the interest of justice. To allow plaintiffs to transfer the case from a forum of their own choosing to a forum that they now believe to be a more convenient one for themselves and disregard the convenience of the defendant would not be in the interest of justice. If the convenience of the Court were to be considered and, of course, it is not, the motion would be promptly sustained, but such an action would not be in the interest of justice.

The Court believes that the motion should be overruled.