Florence DUFEK, Plaintiff,

v.

ROUX DISTRIBUTING COMPANY, a Corporation, Defendant.

United States District Court
S. D. New York.
Aug. 31, 1954.

Amos S. Basel, New York City, for plaintiff.

Hampton & Mahoney, New York City, for defendant.

WALSH, District Judge.

Plaintiff's motion to change venue to the District Court for the District of Minnesota, Fifth Division, is granted.

Plaintiff's claim that the convenience of the parties and witnesses and the in-

terest of justice will be served by changing venue is not disputed. Her action is for breach of warranty alleging that she was injured using a hair dye distributed by the defendant. She, her physicians, and the person who sold the hair dye all reside in Minnesota. Plaintiff attempted to serve an appropriate officer or agent of the defendant in Minnesota but was unsuccessful.

■ Defendant's sole contention is that it is not doing business in Minnesota and therefore this action could not be brought there. In this respect I believe that it is wrong. Applying the rule of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, this action could have been brought in the State of Minnesota. Defendant's product is sold there regularly. Although all sales in Minnesota are by independent wholesalers or retailers, it admits that it has "consultants" regularly traveling through Minnesota calling on beauty salons "advising" as to the proper use of its product but not empowered to "close deals" in connection with their sale. The purpose of these traveling consultants is to "encourage the use of Roux products and to keep the good will and support of the jobbers, retailers and wholesalers". These consultants "refer" orders for Roux products to the local wholesaler or jobber. Defendant has no office or property in Minnesota except accounts receivable. Minnesota "consultants" are under the supervision of a district manager whose responsibilities include Kansas, Missouri, Iowa, Wisconsin, Minnesota, North Dakota, South Dakota, Nebraska and parts of Illinois and Michigan. She has no office. Her home is in Iowa. Under the manager there is also a district supervisor who lives in Minnesota and whose area covers Minnesota as well as several of these states.

In Schilling v. Roux Distributing Co., Minn., 59 N.W.2d 907, this same defendant was sued on a similar cause of action and was held to be doing business within the State of Minnesota. No change in its operation since that de-termination has been shown except that its district manager now resides in Iowa rather than Minnesota. This change is insignificant. I believe the Supreme Court of Minnesota reached the correct conclusion and that the conclusion is equally applicable to the case here presented. In addition to the grounds advanced in the opinion of that Court, it might be added that defendant's relationship with the Minnesota outlets of its products are apparently not short-lived but continuous and regular. Cf. Travelers Health Ass'n v. Com. of Virginia, 1950, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154.

■■ Neither party has questioned this Court's power to transfer venue under Section 1404 of the Judicial Code, 28 U.S.C.A. Section 1404(a). Nevertheless, in view of the decisions on this point it requires consideration.

Subdivision (a) of Section 1404 reads as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In Barnhart v. John B. Rogers Producing Co., D.C.N.D.Ohio, 86 F.Supp. 595, the Court held this section was not intended to be available to plaintiffs because it was a codification of the doctrine of *forum non conveniens* and inasmuch as that relief had been available only to defendants, relief under 1404(a) was likewise limited to defendants.

With this conclusion I disagree. Prior to the enactment of Section 1404 a plea of *forum non conveniens* was in effect a motion to dismiss. Therefore the only party to raise it was necessarily the defendant. The doctrine of balancing convenience of forums is not in itself inconsistent with giving relief to plaintiffs. See Kaufman, Observations on Transfers under Section 1404(a) of the New Judicial Code, 10 F.R.D. 595, 603. The doctrine of *forum non conveniens* was developed to rationalize a court's

power to resist imposition upon its jurisdiction. It should make no difference to the court whether plaintiff willingly seeks to impose upon it, or whether defendant by making service of process unduly difficult and expensive compels her to do so. In the case of a relatively small claim such as this, plaintiff's course was not unreasonable.

In Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, 951, it was held that this section did not authorize the transfer of an action to a district where the defendant was not present. In that case the defendant corporation was concededly not doing business in the transferee state and was not subject to the jurisdiction of the court there. The court declined to find a legislative intent to authorize such a "revolutionary" departure from pre-existing law. The court was there concerned with a basic question of elementary unfairness in sending defendant to trial in a state in which it concededly did no business. The present case presents no such element of unfairness. The forum to which this case is to be transferred is one in which defendant is present.

 The only question is whether Section 1404 is to be rigidly circumscribed because it might become a vehicle for evasion of the Rule of Civil Procedure, 28 U.S.C.A., which forbids the service of a district court's process outside the state containing its district, Rule 4(f). To avoid this evil it is not necessary to imply that Congress intended that the new statutory authorization be forced into a one-sided development. There is adequate protection in the statute's requirement that the court find the transfer to be in the interest of justice.

Several cases following the Foster-Milburn case have held that a case cannot be transferred to a forum in which the defendant is not doing business. All of these cases are distinguishable because either defendant was not present in the state to which transfer was sought or because plaintiff had no good basis for failing to proceed there originally. Berk v. Willys-Overland Motors, Inc., D.C.Del.,

107 F.Supp. 643; Rogers v. Halford, D.C.E.D.Wis., 107 F.Supp. 295; Herzog v. Central Steel Tube Co., D.C.S.D.Iowa, 98 F.Supp. 607.

Here defendant is present in the State of Minnesota. Plaintiff has diligently attempted to serve it there. To deny relief under Section 1404 would be to put an unnecessary and unprofitable emphasis on hide-and-seek.

Motion granted.