Emmett THOMAS, Mart F. Brennan, and John D. Jillson, Trustees of the Anthracite Health and Welfare Fund

v.

SILVER CREEK COAL COMPANY, Inc.

Emmett THOMAS, Mart F. Brennan, and John D. Jillson, Trustees of the Anthracite Health and Welfare Fund

v.

COLEBY COAL COMPANY, Inc.

Emmett THOMAS, Mart F. Brennan, and John D. Jillson, Trustees of the Anthracite Health and Welfare Fund

v.

PINE RIDGE MINING CO., Inc.

Civ. A. Nos. 38235–38237.

United States District Court
E. D. Pennsylvania.

March 2, 1967.

834

Thomas N. O'Neill, Jr., Philadelphia, Pa., for plaintiffs.

Michael H. Malin, Philadelphia, Pa., for Silver Creek Coal Co.

Anthony J. Urban, Mahanoy City, Pa., for Coleby Coal Co.

James B. Doak, Philadelphia, Pa., for Pine Ridge Mining Co.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Plaintiffs are the trustees of the Anthracite Health and Welfare Fund. In these three companion cases, they have brought suit under § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, to collect royalty payments allegedly due to the Fund by the defendant coal producers under the terms of the Anthracite Wage Agreements specified in the complaints. The cases are presently before the Court on plaintiffs' motions to transfer the suits from this district to the Middle District of Pennsylvania and on defendants' motions to dismiss for failure to state a claim upon which relief can be granted.

Plaintiffs-trustees have their only office in Hazleton, Pennsylvania, which is in the Middle District. Two of the trustees reside in the Middle District, while the third, although a resident of the Eastern District, has his personal office in the Middle District. Plaintiffs further aver, by affidavit, that all the witnesses they presently plan to call for purposes of trial are either the trustees themselves, or Anthracite Welfare Fund employees who work at the Hazleton office. The defendants have their registered offices and principal places of business located within the confines of the Eastern District, but are geographically located at points that are approximately equidistant from the courts of the Middle and Eastern Districts. The parties concede that the action might have been properly brought in the Middle District.

 Plaintiffs have requested the transfer to the Middle District under the provisions of 28 U.S.C.A. § 1404(a), which provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Requests for transfer under § 1404(a) are addressed to the sound discretion of the trial court. The exercise of such discretion is rarely disturbed on appeal, since extended appellate review of § 1404(a) transfers only serves to prolong litigation and thwarts the objectives of a speedy and efficient trial that § 1404(a) has been designed to further. A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2nd Cir. 1966); All States Freight, Inc. v. Modarelli, 196 F.2d 1010, 1012 (3rd Cir. 1952). Recently, the Supreme Court in Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed. 2d 945 (1964), broadly outlined the purpose of § 1404(a) in the following language:

Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Thus, as the Court recognized in Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 1474, 1475, 4 L.Ed.2d 1540, [1960] the purpose of the section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense * *." To this end it empowers a district court to transfer "any civil action" to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice.

For further discussion of the criteria operative under § 1404(a) transfers, reference should be made to the commentary and exhaustive compilation of authorities

in both 1 Barron and Holtzoff Federal Practice and Procedure § 86 (Wright ed. 1960, Supp.1966) and 1 Moore's Federal Practice ¶ 0.145 (2 ed. 1964, Supp. 1966).

Upon a careful review of all the factors relevant to § 1404(a) transfers in the three cases now pending, it is the opinion of this Court, in the exercise of its discretion under § 1404(a), that the plaintiffs have made a clear showing that the Middle District of Pennsylvania is a more convenient forum and that the interests of justice will be better served there. This conclusion to transfer has been reached by a considered balancing of all the relative pros and cons affecting transfer under § 1404(a), which this Court felt required consideration. Some of these factors merit further discussion.

A strong argument advanced by plaintiffs in favor of transfer has been that the "interest of justice" will best be served by transfer to the Middle District, as twenty-five companion cases (all involving the Anthracite Health and Welfare Fund and presenting substantially similar issues) have been specially assigned to Judge William J. Nealon of that district. In the twenty-five cases assigned to him, Judge Nealon has heard argument on thirty-six motions (including motions to dismiss, objections to interrogatories, motions to compel discovery, etc.) and has already disposed of twenty-four of these motions. Transfer of the present cases to the Middle District will avoid repetitive trials, a condition which § 1404(a) was specifically intended to avoid. Kansas City Power & Light Co. v. I–T–E Circuit Breaker Co., 240 F.Supp. 121 (W.D.Mo.1965). See, Schmidt v. American Flyers Airline Corp., 260 F.Supp. 813, 816 (S.D.N.Y. 1966). As indicated by Judge Kraft in United States v. Kraft Foods Co., 146 F.Supp. 132, 135 (E.D.Pa.1956), multi-district preparation for trial "would certainly increase the cost of litigation, a result which, in the interest of justice, is to be avoided." The prospects of consolidation of the cases presently before this Court with the twenty-five cases now

pending before Judge Nealon appear strong. Transfer, with attendant consolidation, points to the more efficient administration of justice than could be had in multi-district litigation.

An additional factor warranting transfer is the relative conditions between the court calendars in this district and the Middle District. Plaintiffs have indicated that the cases can be expected to reach trial in the Middle District in 16 months, while congested calendar conditions in this district would delay trial for at least 42 months. Such calendar conditions are yet another factor suggesting the propriety of transfer, although this factor, by itself, is not considered sufficient to justify a transfer. However, in the cases at hand, it is a cumulative indicator pointing to a more expeditious trial "in the interest of justice" in the Middle District. Pontes v. Calmar S.S. Co., 256 F.Supp. 495 (E.D. Pa.1966); Axe-Houghton Fund A, Inc. v. Atlantic Research Corp., 227 F.Supp. 521 (S.D.N.Y.1964).

In opposition to plaintiffs' motions to transfer, defendants have strenuously contended that a plaintiff may not properly make such a motion under § 1404(a), citing the following excerpt from an opinion by Judge Egan in Trader v. Pope & Talbot, Inc., 190 F.Supp. 282, 283 (E.D.Pa.1961):

Furthermore, we believe that the statute [§ 1404(a)] is not available to a plaintiff who voluntarily chooses his own forum. The purpose of Section 1404(a) is to afford relief to a defendant by placing him on an equal footing with plaintiff in the selection of a forum in which to have his case tried. [citing Barnhart v. John B. Rogers Producing Co., 86 F.Supp. 595 N.D.Ohio 1949).]

The Barnhart decision has been seriously criticized as stating an "erroneous proposition" of law and should not be followed. See, 1 Moore's Federal Practice, supra, ¶ 0.145 [4.–2], which states: "Nearly all the decisions reject the Barnhart rule, and adopt the rule that any party to the action may make a motion for trans-

fer." § 1404(a) clearly states that it is for the "convenience of the parties" and had Congress intended a narrower restriction, language indicating such limitation was readily available. *Barnhart* was not followed in this circuit where the court indicated that a district court has "the power" to transfer on a plaintiff's motion under § 1404(a). *United States v. Berkowitz*, 328 F.2d 358, 361 (3rd Cir. 1964).

Defendants have also contended that once plaintiff has made his choice of venue, such choice "should not be lightly disturbed," citing numerous authorities. A review of these authorities indicates that courts employ such language when ruling on a *defendant's* motion for transfer. See, 1 Moore's Federal Practice, supra, ¶ 0.145 [5]. *The case at hand is factually distinguishable.*

■ Some of the defendants have complained that if the action were transferred to the Middle District, they would be financially hard pressed to obtain new counsel in Scranton. The burden does not appear intolerable, since presently retained Philadelphia counsel can adequately represent their clients in the Middle District. Travel inconvenience to defense counsel does not require that the transfer be barred. *Roller Bearing Co. of America v. Bearings, Inc.*, 260 F.Supp. 639, 640 (E.D.Pa.1966), *Forester v. Elk Towing Co.*, 242 F.Supp. 549, 550 (W.D.Pa.1965).

■ Finally, the defendants have raised the specter of forum shopping as being the reason behind plaintiffs' request for transfer. While this Court is well aware of the dangers inherent in forum shopping by plaintiffs involved in diversity actions with multi-state contacts, the defendants have failed to demonstrate how plaintiffs can be forum shopping when they request transfer from one district in Pennsylvania to another in an action brought under the uniform head of federal labor statutes. *Defendants' contentions are unfounded. But see, Popkin v. Eastern Air Lines, Inc.*, 253 F.Supp. 244, 249 (E.D.Pa.1966).

■ Defendants have requested this Court to grant their motions to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12 (b) (6). While these *motions* were argued before this Court together with plaintiffs' motions to transfer, in light of the decision to transfer the cases, this Court feels that the motions to dismiss would be best considered by the transferee court. *Hercules Co. v. S/S Aramis*, 226 F.Supp. 599 (E.D.La.1964).

### ORDER

And now, to wit, this 2nd day of March, A.D.1967, Plaintiffs' motions to transfer in the above captioned cases are hereby granted and it is ordered that these actions be transferred to the Middle District of Pennsylvania.

And it is so ordered.