**LAKE CITY STEVEDORES, INC.,**
**Plaintiff,**

**v.**

**S.S. LUMBER QUEEN, her engines, tackles, etc., and Freighters, Inc., her Owners and/or Operators, Defendants.**

**Civ. A. No. 72-G-38.**

United States District Court,
S. D. Texas,
Galveston Division.

June 9, 1972.

G. Bryon Sims, of Brown & Teed, Houston, Tex., for plaintiff.

Lawrence E. Alioto, San Francisco, Cal., and Thomas P. Alexander, of Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

The issue is whether a plaintiff has a right to a change of venue and what standards should govern the exercise of that right. This relatively simple question emerges from a maze of claim and counterclaim mixing questions of admiralty, contract, and antitrust law. The original plaintiff (Lake City) filed a complaint in Galveston on March 9, 1972, alleging breach of a maritime stevedoring contract by defendant (Freighters) in the failure to pay for services rendered by plaintiff in Lake Charles, Louisiana. At the same time, and to insure a recovery, Lake City had the United States Marshal seize the S.S. LUMBER QUEEN, a vessel owned and operated by defendant, which had called at the Port of Galveston. On March 17 the vessel was released after Freighters posted a security bond. On April 3, defendant filed his answer and a counterclaim alleging violations of antitrust law by Lake City in the monopolization of the Lake Charles stevedoring business. Plaintiff's Motion for a Change of Venue was filed on April 27. He seeks to have both the original claim and the counterclaim transferred to the Western District of Louisiana, Lake Charles Division. Defendant opposes the motion. In particular, defendant prefers to have the antitrust case tried in this court.

The applicable venue statute, 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision suggests both the motivation for the section and the test to be applied.

Lake City has asserted facts sufficient to justify a transfer of this case to Lake Charles. Louisiana represents a more convenient forum with respect to both subject matter and parties of both claim and counterclaim. The original cause of action arose out of plaintiff's business in the port of Lake Charles. The antitrust violations alleged by Freighters relate to this same activity. Lake City is a corporation operating solely in the Lake Charles area. Freighters, a Delaware corporation, with offices in San Francisco, California, operates ocean-going vessels which call on many ports. Defendant can make no claim that a Galveston court is more convenient than a Louisiana court. A diversity claim involving a more locally oriented set of facts could hardly be imagined.

The sole reason for filing this case here was the presence of the S.S. LUMBER QUEEN at Galveston, a fact bearing *no relation to the claims and defenses* asserted by the parties. Even the tenuous interest which this Court might entertain because of that libel has now vanished. Freighters has executed a bond and the vessel has been released.

Defendant, Freighters, has in no way sought to rebut the factual allegations supporting plaintiff's motion. Indeed, defendant himself relied on these same facts in his own motion for a change of venue filed April 3.

Defendant makes three arguments opposing the proposed transfer. First, that plaintiff has no right to seek a change of venue absent an extraordinary change in circumstances. Secondly, that no such extraordinary change has taken

place. Thirdly, and in the alternative, that the counterclaim should be retained in this District because an accused violator of antitrust laws has a greater burden to show hardship before venue should be changed. Each of these claims is without substantial merit and does not rebut plaintiff's prima facie case.

 Freighters' first contention, that a change of venue is not generally available to plaintiffs, finds some support in the cases. Barnhart v. John B. Rogers Producing Co., 86 F.Supp. 595 (N.D. Ohio 1949). That position has, however, been severely criticized. Thomas v. Silver Creek Coal Co., 264 F.Supp. 833, 835–836 (E.D.Pa.1967). The majority and better view is that upon a proper showing of convenience and in the interest of justice, this Court may grant a plaintiff's motion for a change of venue. E. g., Dufek v. Roux Distributing Co., 125 F.Supp. 716 (S.D.N.Y. 1954); 7 ALR Fed. 1, 25 (1971). The commentators also support plaintiff's position. 1 Moore's Federal Practice, § 0.145[4.–2]; 5 Wright & Miller Federal Practice and Procedure, § 1352; Kaufman, Observations on Transfers under Section 1404(a) of the New Judicial Code, 10 F.R.D. 595 (1951). The Supreme Court has supported this view in dicta. Van Dusen v. Barrack, 376 U.S. 612, 639–640, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

Clearly the plain language of 1404 does not restrict its use to defendants. Judicial discretion over every motion to transfer should prevent a plaintiff from forum shopping; the "interests of justice" standard will provide protection for both sides. When the requirements of Section 1404 are present, the District Court should be able to act pursuant to a motion from either party.

 Freighters suggests that a plaintiff should be bound to the court in which suit is instituted unless a change of circumstances has occurred. As the above discussion suggests, this Court finds no implication of such a standard in Section 1404. Assuming arguendo that defendant's test is applied, plaintiff has met his burden. Since suit was filed, two events have taken place which plaintiff could neither control nor predict. First, defendant substituted a bond for the vessel which was under arrest as security for plaintiff's claim. Secondly, defendant filed his counterclaim involving far more complex questions of fact and law than the original claim. Either of these circumstances might alone satisfy defendant's test; together, they surely constitute a change of circumstances which warrants the Court's transferring the pending matter to another District. Indeed, Lake City is a defendant in the antitrust action, and it is hard to see why the proposed standard should be applied here.

 Finally, Freighters requests that its counterclaim alleging violations of antitrust law should be maintained in this District. Freighters points to the peculiarities of the antitrust statutes which make potential violators amenable to suit in several jurisdictions. The underlying purpose of that liberality, to allow a plaintiff to choose a forum convenient to himself, is hardly applicable here. Freighters is not a Texas corporation and its vessels do not regularly call on Texas ports. Although they may wish to hire another attorney to try this case in Louisiana, Freighters can present no other reason why Galveston is more convenient for them than Louisiana.

For the reasons discussed herein, plaintiff's motion to transfer this case to the Western District of Louisiana, Lake Charles Division, is granted.

Now, therefore, it is Ordered that the instant cause be and the same is hereby transferred to the United States District Court for the Western District of Louisiana, Lake Charles Division. The Clerk is ordered forthwith to transmit to the Clerk of the United States District Court for the Western District of Louisiana all of the papers in this proceeding.