**FARMER BROS. CO., Plaintiff,**

v.

**COCA–COLA COMPANY, INC., Defendant.**

**Civ. A. No. 72–H–819.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 30, 1973.

W. F. Hyer, Hyer, Eickenroht, Thompson & Turner, Houston, Tex., for plaintiff.

Larry B. Feldcamp, Baker & Botts, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

This is an action for patent infringement arising under the United States Patent Laws. The Court has jurisdiction pursuant to 28 U.S.C. § 1338(a). Plaintiff received United States Letters Patent 3,459,558, for an invention in a coffee pellet process. The patent discloses a process for incorporating coffee chaff into roast and ground coffee products. Defendant is alleged to have been, and to be at present, using a coffee pellet process embodying the patented invention.

For some time, both parties have engaged in extensive discovery and pretrial preparation. Now, plaintiff, by way of a motion for change of venue, seeks to transfer the entire case at bar to the United States District Court for the Central Division of California. Defendant vigorously opposes the motion.

■ It is the exception rather than the rule for a plaintiff to request a motion under 28 U.S.C. § 1404. Prior to filing suit, a plaintiff carefully scrutinizes the various forums wherein the suit may initially be brought, and then selects the forum most advantageous to it in terms of time, expense and accessibility. For this reason, plaintiffs do not normally request a change of venue. More often, defendant moves for such a transfer when threatened with trial in a jurisdiction not of its choice or convenience. Yet, unquestionably, plaintiff has a right to a change of venue. Upon a proper showing of convenience and in the interest of justice, the Court may, in its discretion, grant a plaintiff's motion for change of venue. Lake City Stevedores, Inc. v. S.S. Lumber Queen, 343 F.Supp. 933 (S.D.Tex.1972). Clearly the plain language of § 1404 does not restrict its use solely to defendants. When the requirements of § 1404 are present and met, the district court should be, and in fact is, able to act pursuant to a motion from either party.

■ Before the Court acts on plaintiff's motion here, one observation seems pertinent. A plaintiff may automatically and voluntarily discontinue its action without prejudice prior to time of answer or the filing of a motion for summary judgment. Thereafter, plaintiff may take a non-suit upon an order of the Court. Thus, it appears that plaintiff in the instant action could, upon application to the Court, seek a dismissal without prejudice and with the Court's approval, and institute suit anew in a different forum. Obviously, this approach would work an onerous burden and great expense on all parties and would be a needless expenditure of litigant and judicial time. This fact seems to mandate in favor of transfer.

■ Assuming, *arguendo*, that plaintiff here was unable to obtain a voluntary dismissal by order of the Court, plaintiff, nevertheless is entitled to a change of venue under the provisions of § 1404. This Court has previously enumerated the specific factors to be considered for a change of venue in a patent infringement case. Mobil Oil Corp. v. W. R. Grace & Co., 334 F.Supp. 117 (S.D.Tex. 1971). On balance, and in the aggregate, the enunciated factors weigh heavily in plaintiff's favor. Without recounting each factor separately, the Court notes that plaintiff is a California corporation with its principal place of business, corporate headquarters and manufacturing plants in Torrance, California. Defendant, on the other hand, is a conglomerate incorporated under the laws of the State of Delaware with its corporate headquarters in Atlanta, Georgia. The Foods Division, the department alleged to be using the patent process, has operations located in Houston, Texas, Omaha, Nebraska and Anaheim, California. Both, therefore, have some nexus with the California forum. Even more compelling a reason to permit the transfer lies in the fact that neither party will be unduly prejudiced by the change nor will the trial itself be prolonged. Only very recently were new dates for discovery cut-off (February 4, 1974) and a pretrial hearing (February 13, 1974) affixed. There is every indication that further discovery is contemplated by both parties and that neither party is immediately ready for trial.

Although prospective witnesses reside in the present forum and the California forum, if the Houston forum is maintained, one witness, Roy Farmer, the co-patentee and chief executive officer of plaintiff, will be unable to personally testify due to medical confinement in the Los Angeles area. Without commenting on the relative merits or significance of his testimony, the Court is of the opinion that the ultimate trier of fact should be given the opportunity,

if possible, to observe his testimony first hand and to assess the import, if any.

Defendant's most strenuous objection centers on the fact the litigation has progressed too far in this forum for plaintiff to seek a change. That argument in and of itself is not a factor preventing transfer. At times, it is far more preferable to change the forum at a stage later in the case when it may be ascertained with certainty that the interests of justice so dictate. Such is the case presented here.

Accordingly, the Court concludes that for the "convenience of parties and witnesses" and "in the interest of justice" this cause of action must be, and hereby is, transferred to the United States District Court for the Central Division of California.

The foregoing constitutes the Court's findings of fact and conclusions of law. Fed.R.Civ.P. 52. To the extent that any finding of fact is deemed to be a conclusion of law, it is adopted as such. To the extent that any conclusion of law is deemed to be a finding of fact, it is adopted as such.