The LAITRAM CORPORATION

v.

HEWLETT–PACKARD COMPANY

Civil Action No. 91–4023.

United States District Court,
E.D. Louisiana.

Nov. 1, 2000.

Steven W. Usdin, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA, Barry Louis LaCour, Laitram Corporation, Harahan, Timothy J. Malloy, Lawrence M. Jarvis, Robert B Polit, McAndrews, Held & Malloy, Chicago, IL, Dane S. Ciolino, Loyola Law School, New Orleans, LA, for plaintiff.

Stewart Earl Niles, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, S. Leslie Misrock, Jonathan A. Marshall, Brian D. Coggio, Stephen J. Harbulak, Edmond R. Bannon, Pennie & Edmonds, New York City, George C. Summerfield, Marcia H. Sundeen, Pennie & Edmonds, Washington, DC, for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the defendant's motion to transfer. For the reasons that follow, the motion is granted.

*Background*

Laitram Corporation sued Hewlett–Packard Company in October 1991 for patent infringement. Laitram contends that calculators the defendant manufactures and sells infringe five Laitram patents: U.S. patent Nos. 4,547,860 (the '860 patent); 4,860,234; 4,910,697; 4,924,431; and 4,999,795. Hewlett–Packard denies infringement and maintains that it independently developed the accused products and that the patents-in-suit are invalid and unenforceable.

The case was scheduled to proceed to trial in January 1993. However, the trial date was continued because of various discovery motions that were then pending. In September 1993, the Patent and Trademark Office granted Hewlett–Packard's request for reexamination of Laitram's '860 patent. Shortly thereafter, the Court granted Hewlett–Packard's motion to stay this action until the PTO completed the reexamination.

In July 2000, the stay was lifted. Hewlett–Packard now moves to transfer the action to the District of Oregon pursuant to 28 U.S.C. § 1404(a).

## I.

*Law and Analysis*

■ 28 U.S.C. § 1404(a) instructs that a court may transfer an action to a forum where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. See *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The moving party bears the burden of demonstrating that the case should be transferred to an alternate forum. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *New Orleans Lakal Envelope Co. v. Chicago Express, Inc.,* No. 99–2174, 1999 WL 1277527, at *2 (E.D.La. Dec.21,1999). To prevail, the defendant must show that (1) this case might have been brought in the District of Oregon and (2) the transfer would advance the interest of justice and the convenience of parties and witnesses. Given that the plaintiff does not contest that its case might have been brought in the District of Oregon, the Court focuses on the latter consideration.

■ The decision whether to transfer a pending case under 28 U.S.C. § 1404 is committed to the sound discretion of the trial court. *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989); *Asean Homes, Inc. v. Miller,* No. 99–0294, 1999 WL 1102427, at *4 (E.D.La. Dec.3,1999). In exercising its discretion, the Court considers "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet,* 868 F.2d at 1436. In section 1404(a) cases, courts generally look to the factors focused by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). They relate both to private and public interests. The private interests are informed by (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the convenience of the witnesses, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) the convenience of the parties, specifically, their respective residences and abilities to bear the expense of trial in a particular forum, and (5) all other factors relating to the expeditious and efficient adjudication of the dispute. *New Orleans Lakal Envelope Co.,* 1999 WL 1277527, at *2. The public interests include (1) the relative administrative difficulties in the two jurisdictions, (2) the local interest in having localized controversies resolved at home, (3) the appropriateness of having the jurisdiction whose law will actually govern the dispute adjudicate the dispute in order to avoid difficult problems in conflicts of laws, and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* The Court evaluates each of the foregoing factors in turn.

## A.

As an initial matter, the Court is obliged to acknowledge that Laitram's choice of its home forum is entitled to great weight. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839 ("[T]he plaintiff's choice of forum should rarely be disturbed."). Only under circumstances which clearly point to a more convenient forum (not to a forum equally convenient or inconvenient) should a court disturb the plaintiff's choice and grant a motion to transfer. Nevertheless, the plaintiff's choice of forum is not conclusive. *Caraljo Music, Inc. v. MCA Records, Inc.*, No. 87–5975, 1988 WL 32942, at *2 (E.D.La. Apr.4,1988).

## B.

Mindful of the preference accorded to the plaintiff's selection of forum, the Court turns to the next factor in the transfer analysis—the situs of material events. A "fundamental principle" guiding the Court's analysis is that "litigation should proceed 'in that place where the case finds its "center of gravity." ' " *Teknekron Software Sys., Inc. v. Cornell Univ.*, No. 93–20122, 1993 WL 215024, at *7 (N.D.Cal. June 14,1993). This principle is of particular significance in patent infringement cases.[1] *Laitram Corp. v. Morehouse*, 31 U.S.P.Q.2d 1697, 1700 (E.D.La.1994) ("As a general rule, in patent infringement cases 'the preferred forum is that which is the center of gravity of the accused activity.' "); *see also AMP Inc. v. Burndy of Midwest, Inc.*, 340 F.Supp. 21, 25 (N.D.Ill. 1971) ("The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production."). Relevant considerations in determining the center of gravity in a given case include the location of a product's development, testing, research, and production, and the place where marketing and sales decisions were made. *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F.Supp. 1185, 1188 (N.D.Ill.1983). In this case, the accused calculators were designed, developed, and tested in Corvallis, Oregon. An Oregon-based firm designed the software for Laitram's product, the XQ–2. Furthermore, Laitram representatives visited Hewlett-Packard's offices in Corvallis, Oregon on several occasions to try to market the XQ–2. The only connection between this litigation and Louisiana appears to be the location of Laitram's principal place of business here, a fortuitous connection at best. Accordingly, the Court finds that the center of gravity in this case is indisputably Corvallis, Oregon. As such, the Court concludes that Laitram's choice of forum is only entitled to limited deference.

## C.

Next comes the convenience of the witnesses, including the Court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining attendance of witnesses—a "most important" factor in the transfer analysis. *Icon Industrial Controls Corp. v. Cimetrix, Inc.*, 921 F.Supp. 375, 383 (W.D.La.1996). As the primary basis for its motion to transfer, Hewlett-Packard argues that five key witnesses needed for its defense are not subject to the Court's subpoena power, are no longer employed by Hewlett-Packard, and will not voluntarily appear in New Orleans for trial. A most serious concern. Laitram does not contest the factual basis of Hewlett Packard's assertions,[2] but ar-

---

1. The center of gravity factor, in patent infringement litigation, would seem to be an adjunct of the more generalized fairness notion that is thematic in all venue-transfer issues: the expeditious and efficient adjudication of the dispute.

2. Laitram does argue that the evidence of these witnesses' unwillingness to appear is hearsay and urges the Court not to consider it. The Court finds Laitram's argument unpersuasive. The sworn declaration of Scott Jacobson, an attorney in good standing in the State of New York and an officer of the Court, is sufficiently reliable for purposes of this motion. The Court notes that Hewlett-Packard's showing of the witnesses' unwillingness to appear seems sufficient to shift the burden to Laitram to show otherwise.

gues, mistakenly, that the unavailability of compulsory process as to these witnesses does not warrant a transfer. Mindful of the Supreme Court's admonition that "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants," *Gulf Oil*, 330 U.S. at 511, 67 S.Ct. 839, the Court finds that in an unusually technical case such as this one, it is more than just important that the jury see and hear the live testimony of material witnesses. It is essential to the cause of justice itself. Deposition testimony, which would be the only vehicle for Hewlett–Packard to present the testimony of these witnesses if the action were not transferred to Oregon, is a sterile, inadequate substitute for live testimony on key issues. As such, the Court finds that not only substantial inconvenience, but substantial injustice would result if Hewlett–Packard were unable to present vital live testimony to educate the jury.[3] In contrast, it does not appear that transfer would hamper Laitram's ability to present live testimony of the witnesses it needs to present its case. Nor does it seem that transfer would cause any inconvenience to Laitram's witnesses; a majority reside outside of Louisiana. Thus the Court concludes that the convenience of the witnesses and the availability of compulsory process in Oregon weighs heavily in favor of a transfer.

### D.

As to the final factor in the Court's evaluation of the private interests, the Court finds that Hewlett–Packard has not demonstrated that transfer to Oregon will be more convenient to the parties. But the Court is persuaded that, on balance, the private interests support transfer of this action to Oregon. The limited deference given to Laitram's choice of forum, the influence of the trier of fact's proximity to the center of gravity, and the need for live testimony is a case of this character, far outweigh the inconvenience that may result to the parties if the case is transferred to Oregon.

### E.

Evaluation of the public factors does not alter this conclusion. Laitram asserts that a transfer is inappropriate because this Court has already invested significant judicial resources in this case. But much work remains before this case can proceed to trial, including additional discovery, motion practice, and judicial construction of the patents-in-suit. Laitram also argues that granting Hewlett–Packard's motion to transfer would cause yet another delay in this protracted litigation.[4] However, "[n]either the passage of time nor involvement in discovery is a reason alone for denying transfer." *Mag Instrument, Inc. v. Sears Roebuck & Co.*, No. H–8–2216, 1990 WL 124071, at *3 (S.D.Tex. Jan.31, 1990). Moreover, "[a]lthough delay may be a factor, it is incumbent upon [Laitram] to show that it will be prejudiced by such a transfer." *Id.* at *4. Laitram has not made such a showing.

Considering all of the relevant factors, the Court is persuaded that transfer to the District of Oregon would further the interests of justice and the convenience of parties and witnesses.

Accordingly,

---

**3.** The witnesses in question will talk about sophisticated issues like keyboard design, source code, circuit design and custom programming... hardly matters that can be justly explored in the austere environment of depositions.

**4.** Although Laitram urges the Court to deny Hewlett–Packard's motion solely on this ba-

sis, the Court declines to do so. *See Farmer Bros. Co. v. Coca–Cola Co.*, 366 F.Supp. 725, 727 (S.D.Tex.1973) (stating that the fact that a litigation has progressed too far is not in and of itself a factor preventing transfer). Of course, this case was interrupted by additional Patent Office attention, and has not progressed in any significant way.

IT IS ORDERED the defendant's motion to transfer under 28 U.S.C. § 1404(a) is GRANTED.

IT IS FURTHER ORDERED that the above-captioned case be TRANSFERRED to the United States District Court for the District of Oregon.